## H. M. JAMESON ET AL. *v.* GEORGE L. COLDWELL.

[S. C. 31 Pac. Rep. 279.]

1. PLEADING—ILLEGAL CONTRACT—GENERAL ISSUE.—The illegality or secrecy of a contract sued on must be specially pleaded to be available as a defense; evidence of such matters cannot be offered under the general issue. *Buchtel* v. *Evans*, 21 Or. 315 ( 28 Pac. Rep. 67 ), followed.

2. DOUBLE COMMISSIONS—AGENT—DUTY TO PRINCIPAL.—An agent may act for both parties to a transaction, and receive commissions from both, provided each party knows of his employment by the other.

3. CORPORATION—OFFICERS.—Officers of a corporation who do not act as its agents or trustees in executing a purchase by it, or occupy a fiduciary relation towards it, may lawfully contract with the vendor for a commission on such sale.

Multnomah County: E. D. SHATTUCK, Judge.

Plaintiffs appeal.    Reversed.

*Edward B. Watson* (*James F. Watson* on the brief), for Appellant.

*Whitney L. Boise* (*Raleigh Stott* on the brief), for Respondent.

MOORE, J.—This is an action brought by plaintiffs H. M. Jameson and A. F. Johns, to recover from George L. Coldwell the sum of two thousand and three hundred dollars as commissions for the alleged sale of four million feet of lumber for the defendant at Los Angeles, California, upon his written agreement to pay them two and one half per cent of all sums received on account of said sales. They allege that they negotiated the sale of said lumber prior to and on the first day of March, 1888, with the Western Lumber Company, at the schedule of prices of the Pacific Pine Lumber Company of San Francisco, with seven and one half per cent added thereto; and that defendant on said date executed and delivered his written contract to said company in accordance with the terms of said sale; that on the ninth day of April, 1888, the defendant, without notice to or knowledge of the plaintiffs, wrongfully executed and delivered to said company a modification of said contract whereby the seven and one half per cent in excess of the schedule of said prices was remitted; that defendant delivered to said company one million six hundred and sixteen thousand nine hundred and nineteen feet of lumber, and received therefor thirty-three thousand four hundred and sixty-eight dollars and eighty-one cents, but that he should have received thirty-seven thousand one hundred and ninety-one dollars under the original contract; that he failed and refused to deliver any greater amount of lumber, and on March 1, 1889, abandoned said agreement with said company; that the amount he should have received for said four million feet of lumber was ninety-two thousand dollars, and that by reason of his abandonment of said contract, plaintiffs became entitled to two and one half per cent of said sum,

amounting to two thousand and three hundred dollars, with interest from March 1, 1889.

The answer contains a specific denial of each allegation in the complaint, except the execution of the said contracts, and for a further answer and defense alleges that plaintiffs falsely and fraudulently represented that they had sold said lumber for defendant to said company; that said company was duly incorporated under the laws of California; that plaintiffs were the president and secretary thereof, and had authority to execute said contract on behalf of said corporation, and that defendant, relying upon such representations, was induced to execute the same; that at that date no such company had been incorporated, and that plaintiffs never sold any lumber for the defendant to said company nor to any person; that thereafter said company became incorporated, and defendant shipped to it a cargo of lumber under said contract, which it refused to receive, and in order to dispose of said lumber he was obliged to remit said seven and one-half per cent from said contract price; that in consequence of the refusal of said company to take said lumber under said contract, defendant was damaged in the sum of three thousand three hundred and twelve dollars and eighty-nine cents; that said contract was void; that plaintiffs had no authority to make the same, and no right to receive any commissions for sales made to said company while they were acting as such officers, and that the commissions were for the benefit of said plaintiffs. A reply was filed putting in issue all the allegations of new matter contained in the answer. The cause was tried by the court without a jury and judgment rendered against the plaintiffs for the costs, whereupon they appeal.

1. The court found as a conclusion of law, "that the written contract of March 1, 1888, between the Western Lumber Company and the defendant, did not bind said company, because of the secret arrangement made by the plaintiffs to obtain a profit to themselves out of the sale of lumber to said company, and the plaintiffs are not en-

titled to recover commissions for any sale of lumber to said Western Lumber Company." The pleadings nowhere alleged that there was any secret arrangement made by the plaintiffs to obtain a profit to themselves out of the sale of the lumber to said company. The answer alleged that plaintiffs had no authority from said company to execute said contract, but it did not allege that it was made in secret, or that the company had no knowledge thereof. It might have been fully known to the company before and at the time the contract was made and freely assented to by it, and still the averment be entirely true so far as it can be considered as stating or implying a fact. Before the defendant could offer any evidence tending to show a secret arrangement so as to avail himself of the defense of the illegality of the contract with plaintiffs by reason of their position as officers of said company, it was incumbent upon him to plead that there was a secret arrangement existing between the plaintiffs and defendant in regard to the commissions, of which the company had no knowledge. Evidence tending to establish such a finding of fact and conclusion of law cannot be offered on the general issue, but must be specially pleaded as a defense. In *Buchtel et al.* v. *Evans,* 21 Or. 315 (28 Pac. Rep. 67), this court, by BEAN, J., said: "A careful examination of the question leads us to the conclusion that the illegality of a contract alleged as the ground of the action, in order to be available as a defense, must either appear from plaintiff's own pleadings or proof, or be affirmatively pleaded as a defense."

2. Can an agent or fiduciary with the knowledge and consent of his principal, or *cestui que trust,* make a valid contract for commissions from the other party to the transaction? In *Rowe* v. *Stevens,* 53 N. Y. 621, the court held that "if the defendant employed plaintiff and agreed to pay the commission, with notice that he was also employed and was to be paid by the other party, the agreement could be enforced." In *Alexander et al.* v. *Northwestern University,* 57 Ind. 476, the court said: "Or-

dinarily the law will not allow the same man to act as the vendor and purchaser of property. But while this may be regarded as good and well-settled law, yet it is not applicable to a case in which a man is acting as the agent of both the vendor and purchaser, with the authority or consent of the parties interested." In *Fitzsimmons* v. *Southern Express Co.* 40 Ga. 336 (2 Am. Rep. 577), the court says: "Two parties may always, by mutual consent, no matter how diverse their interest, make a third their agent. It is true if A have an agent, that agent cannot, without A's consent, act as the agent of B in a matter in which A's interest conflicts with B's; but B, who selects the agent, knowing he is the agent of A, cannot object to take advantage of his own wrong in giving knowingly to the agent a trust conflicting with his duty to A." "An agent may even represent the corporation in executing a contract with himself personally, provided he acts under immediate instructions from some other agent or from the board of directors."—Mor. on Priv. Corp. §§ 521, 527.

3. The defendant does not state any facts tending to show that the contract was invalid, but claims that where the officers of a corporation, in pursuance of their duties, execute a contract of purchase without informing the corporation of their interest in the sale to it, not only is their contract for commissions with the seller void, but so also is the contract between the corporation and the seller on grounds of public policy. The contract entered into between the appellants and the respondent for the commissions, and the formal execution of the contract for the company by the appellants in their official character as president and secretary thereof, are the only facts alleged in the answer from which any inference can be drawn that the contract for commissions was contrary to public policy. Unless the plaintiffs were acting as the agents or trustees of the company at the time the contract was made, and in making such contract, and were thereby obliged to exercise a discretion in relation to purchases

for the company, their acts would not be void. The pleadings make no allegation of this character, and it is to be presumed that the evidence of the plaintiffs did not warrant such a conclusion. The fact that such officers of the company entered into such a contract does not of itself render the same void. To do so there must have existed at the time it was entered into, a trust or some fiduciary relation between the plaintiffs and the company which required them to exercise a discretion. Unless the pleadings alleged that fact, no testimony could be offered to establish the same.

The judgment is reversed.