(No. 5631. Decided August 9, 1905.)

J. F. Cox *et al., Respondents,* v. Cameron Lumber Company, Limited, *Appellant.*[1]

Contracts—Legality—Cutting Timber on Public Lands—Public Policy—Notice of Title of Government—Caveat Emptor—Waiver of Objections—Pleadings—Objections First Raised in Supreme Court. A defendant who scripped government land, and entered into a contract expressly reciting that it owned the lands, whereby the plaintiffs were employed to cut the timber therefrom, cannot, for the first time in the supreme court, set up the title of the government and the illegality of the contract as a defense to an action for breach of the contract, where the plaintiffs were not aware of defendant's want of title; since it was not incumbent upon them to investigate the title under the doctrine of caveat emptor, and violation of the law not being contemplated, the contract was not void on the ground of public policy, to the extent of requiring a court on its own motion to so declare, where the parties had failed in their pleadings to allege the illegality.

Contribution — Joint Wrong-Doers — Compromise of Prosecution—Legal Liability to Make Payment—Cutting Timber on Government Land. Where one employed to cut timber on lands supposed to belong to another is prosecuted for unlawfully cutting timber on government lands, and compromises the suit by the payment of $2.50 per acre, under the act of June 3, 1878, he cannot recover from his employer the amount so paid; since, if guilty, there can be no contribution among wrong-doers; and if not guilty, he was under no legal liability to make the payment in compromise of the prosecution.

Appeal from a judgment of the superior court for Spokane county, Belt, J., entered October 3, 1904, upon the special verdict of a jury rendered in favor of the plaintiffs, after a trial on the merits, in an action on contract. Modified.

*John B. Goode, Forster & Wakefield, H. M. Stephens* and *W. J. C. Wakefield,* for appellant, contended among other things, that the plaintiffs were charged with notice that the law did not subject unsurveyed lands to forest reserve selections. *Columbia etc. R. Co. v. Seattle,* 33 Wash. 513,

[1] Reported in 82 Pac. 116.

74 Pac. 670; Jones, Evidence, § 2023; 30 Stats. 36; 31 Stats. 614, 1037; 2 Supp. Rev. Stats., pp. 625, 626, 1435, 1534. And, also, that a patent could not have issued for unsurveyed land. *United States v. Pacheo,* 22 How. 225, 16 L. Ed. 306; *Maguire v. Tyler,* 8 Wall. 650, 19 L. Ed. 320; *Paxton v. Griswold,* 122 U. S. 441, 7 Sup. Ct. 1216, 30 L. Ed. 1143; *Buxton v. Traver,* 130 U. S. 232, 9 Sup. Ct. 509, 32 L. Ed. 920. No equitable title is acquired under such selection. *Kern Oil Co. v. Clarke,* 30 Land Dec. 550; *Cosmos Exploration Co. v. Gray Eagle Oil Co.,* 190 U. S. 301, 23 Sup. Ct. 692, 47 L. Ed. 1064; *Wisconsin Cent. R. Co. v. Price County,* 133 U. S. 496, 10 Sup. Ct. 341, 33 L. Ed. 687. The cutting of timber thereon was unlawful, and the contract illegal. *Stone v. United States,* 167 U. S. 178, 17 Sup. Ct. 778, 42 L. Ed. 127; *Northern Pac. R. Co. v. Lewis,* 162 U. S. 366, 16 Sup. Ct. 831, 40 L. Ed. 1002; *Coey v. Low,* 36 Wash. 10, 77 Pac. 1077; *Reed v. Johnson,* 27 Wash. 42, 67 Pac. 381, 57 L. R. A. 404; *Stevens v. Perrier,* 12 Kan. 297; *Ladda v. Hawley,* 57 Cal. 51; *Swanger v. Mayberry,* 59 Cal. 91; *Shiver v. United States,* 159 U. S. 491, 16 Sup. Ct. 54, 40 L. Ed. 231; *Cunningham v. Metropolitan Lum. Co.,* 110 Fed. 332; *Teller v. United States,* 113 Fed. 273; *United States v. Denver etc. R. Co.,* 191 U. S. 84, 24 Sup. Ct. 33, 48 L. Ed. 106; *United States v. Basic Co.,* 121 Fed. 504; *Stubbs v. United States,* 111 Fed. 366; *United States v. Gumm,* 9 N. M. 611, 58 Pac. 398. Where the evidence discloses the illegality of the contract, the court will not enforce it, regardless of whether or not the illegality is pleaded. *Standard Furniture Co. v. Van Alstine,* 22 Wash. 670, 62 Pac. 145, 79 Am. St. 961, 51 L. R. A. 889; *Minnesota Sandstone Co. v. Clark,* 35 Wash. 466, 77 Pac. 803.

*Graves & Graves* and *B. H. Kizer,* for respondents. Some kinds of scrip may be used on unsurveyed lands. *Mann v. Tacoma Land Co.,* 153 U. S. 273, 14 Sup. Ct. 820, 38 L. Ed. 714. The selections were valid when made, and vested equi-

table title. *Cosmos Exploration Co. v. Grey Eagle Oil Co.,* 190 U. S. 301, 23 Sup. Ct. 692; *Simmons v. Wagner,* 101 U. S. 260, 25 L. Ed. 911; *Wisconsin Cent. R. Co. v. Price County,* 133 U. S. 496, 10 Sup. Ct. 341, 33 L. Ed. 687; *Shaw v. Kellogg,* 170 U. S. 312, 18 Sup. Ct. 632, 42 L. Ed. 1050. The presumption that the contract was lawful prevails in the absence of testimony to the contrary. *Waring v. Loomis,* 35 Wash. 85, 76 Pac. 510; *Minnesota Sandstone Co. v. Clark,* 35 Wash. 466, 77 Pac. 803. The statement that defendant had title was a statement of fact which plaintiffs could rely upon. *Steiner v. Tranum,* 98 Ala. 315, 13 South. 365; *Hunnicutt v. Higginbotham,* 138 Ala. 472, 35 South. 469, 100 Am. St. 45; *Murphy v. Olberding,* 107 Iowa 547, 78 N. W. 205; *De Wolf v. Williams,* 69 N. Y. 621; *Pichler v. Reese,* 171 N. Y. 577, 64 N. E. 441. Recovery cannot be defeated where the plaintiff had no knowledge of the illegality. *Montefiori v. Montefiori,* 1 W. Black. 364; *Berkholder v. Beetem's Adm'r,* 65 Pa. St. 496; *Reynell v. Sprye,* 1 D. M. G. 660; 2 Pomeroy, Eq. Jur. § 942; *Baehr v. Wolf,* 58 Ill. 470; *Barnes v. Brown,* 32 Mich. 145; *Ford v. Harrington,* 16 N. Y. 285; *Melbye v. Melbye,* 15 Wash. 648, 47 Pac. 16; *Rozell v. Vansyckle,* 11 Wash. 79, 39 Pac. 270; *Hinsdill v. White,* 34 Vt. 558; *Harrington v. Grant,* 54 Vt. 236. The illegality not appearing from the plaintiffs' case, it could not be shown by the defendant, because it was not pleaded. *Maitland v. Zanga,* 14 Wash. 92, 44 Pac. 117; *Reed v. Johnson,* 27 Wash. 42, 67 Pac. 381, 57 L. R. A. 404; *Hendrickson v. Evans,* 25 Pa. St. 441; *Cardwell v. Kelly,* 95 Va. 570, 28 S. E. 953, 40 L. R. A. 240.

RUDKIN, J.—On the 8th day of October, 1901, the plaintiffs and the defendant entered into a written contract, whereby the plaintiffs agreed to cut, from lands owned by the defendant, on the Little North Fork of the Cœur d'Alene river, as per plat and description attached to the contract, not less than four million, and not more than

ten million, feet of logs, and to deliver the same in the Cœur d'Alene river, below the Old Mission. The logs were to be delivered not later than July 1, 1903, and as much earlier in that year as possible. The defendant agreed to pay at the rate of $4.12½ per thousand for all logs so delivered, and to advance $3 per thousand on the logs whenever two hundred thousand feet, or more, were banked on or in the Little North Fork of the river. The defendant further agreed to construct a road to the plaintiffs' camp, by the nearest and most practicable route, for the purpose of furnishing the camp with supplies, the road to be completed not later than June 15, 1902. Under this contract the plaintiffs cut, and placed in the Little North Fork of the Cœur d'Alene river, 3,700,000 feet of logs, and received, on account thereof, the sum of $10,880.89. The plaintiffs brought this action to recover damages for a breach of the above contract.

The complaint alleged the execution of the contract, and that the contract was fully performed by the plaintiffs, until they were compelled by the defendant to cease work under it, on or about the 6th day of December, 1902. The complaint further alleged, as breaches on the part of the defendant, that the defendant failed and refused to construct the road to the plaintiffs' camp, as agreed, and that the defendant stopped work under the contract as above stated. As a second cause of action, the complaint alleged that the plaintiffs were directed by the defendant to cut and remove timber from public lands of the United States; that they were indicted therefor, in the district court of the United States for the district of Idaho; that the defendant failed and refused to defend them, or give them counsel or assistance; and that the plaintiffs paid, and became liable to the United States in the sum of, $1,000 for cutting timber on four hundred acres of public land.

The plaintiffs prayed judgment as follows: For $219.11, due on account of logs actually furnished and delivered;

$14,000 on account of profits on the uncompleted portions of the contract; $5,000 for failure to construct the road as agreed, and $1,000 paid the government, as alleged in the second cause of action. The jury returned a general verdict in favor of the plaintiffs in the sum of $8,589.11. The jury also returned special findings, showing the items which made up their general verdict. The substance of these special findings was: For loss of profits, $4,000; for failure to construct road, $4,189.11; on account of second cause of action, $400. A motion for a new trial was denied, and from the judgment entered on the verdict of the jury, this appeal is taken.

The principal contention of the appellant, as to the first cause of action, and the only one urged in the oral argument before this court, is that the contract in suit is illegal and void, and that no action can be founded thereon. This contention arises out of the following state of facts: Some time before the contract was entered into, the appellant made forest reserve scrip selections of extensive tracts of unsurveyed public lands, along the Little North Fork of the Cœur d'Alene river, in the state of Idaho, under the act of June 4, 1897, 2 U. S. Comp. St. 1901, p. 1541, and the lands so selected are the lands referred to in the contract in suit. It is now maintained that these selections were unauthorized and void, for the reason that unsurveyed public lands were not subject to selection under said act; that the lands referred to in the contract in suit were therefore public lands of the United States; that the contract contemplated the cutting and removal of timber from such public lands, and was and is against public policy and void.

The contract was not illegal for any reason appearing on its face, as it expressly provided that the timber was to be cut from lands owned by the appellant. Nor was there any suggestion in the answer that the contract was illegal or void. On the contrary, the appellant itself interposed a counterclaim, and asked damages for the breach

of the same contract. The defense of illegality in the contract cannot, therefore, prevail, unless a case is presented such as requires the court to interpose, of its own motion, and stop the proceedings, on grounds of public policy. We are satisfied that no such case is presented here. The utmost that is claimed against the respondents is, that they knew the land was unsurveyed and knew that the appellant had scripped it. It does not necessarily follow from this that the appellant had no title.

The appellant contends, however, that it was the duty of the respondents to investigate the nature and character of its title, and had they done so, the law would charge them with notice that the appellant had no title, and that the title vested in the United Sates. No such duty rested upon the respondents. In the case of sales, or contracts of sale, this court has strictly enforced the doctrine of *caveat emptor,* but this is not such a case. It will scarcely be maintained, as a rule of law, that a party, entering into a contract to perform certain acts on the lands of the other party to the contract, is required to investigate the nature of the title of such other party, at his peril, and, if he does not, and the performance of the contract will result in a trespass on the lands of a third person, the contract is void *ab initio.* In justice to both parties, we must presume that they supposed the appellant had a right to cut timber on the lands described in the contract. The defense now interposed is manifestly an afterthought, and neither the pleadings nor the evidence warrant the court in holding, of its own motion, that the contract of the parties contemplated a violation of the laws of the United States. The contract was either valid or void, in its inception. Nearly all the errors assigned as to the first cause of action relate to the defense we have just considered. We have examined the other assignments, and find no error in the record as to this cause of action.

By the second cause of action, the respondents sought to

recover money paid the United States in compromise and settlement of a criminal prosecution. This money was paid under the provisions of section 5, of the Act of June 3, 1878, 2 U. S. Comp. St., 1901, p. 1530, which reads:

"That any person prosecuted in said states and territory for violating section 2461 of the Revised Statutes of the United States who is not prosecuted for cutting timber for export from the United States, may be relieved from further prosecution and liability therefor upon payment, into the court wherein said action is pending, of the sum of two dollars and fifty cents per acre, for all lands on which he shall have cut or caused to be cut timber, or removed or caused to be removed the same."

We confess we are at a loss to know how a recovery as to this cause of action can be sustained. If the respondents were guilty, there can be no recovery, as the law permits no contribution between wrongdoers. The respondents contend that they were not guilty, but that they compromised the prosecution as a matter of precaution, and as the easiest way out of the difficulty. They contend further that the compromise was not conclusive evidence of guilt, in this case. We agree entirely that the compromise was not conclusive evidence of guilt, if indeed it was competent at all; but, for the sake of argument, let us concede that they were not guilty. When one person seeks to recover from another money which he has paid to a third person, he must show that the money was paid by request of the party from whom he seeks a recovery, or he must show that there was a legal obligation on his part to pay. Suppose a party is sued as an endorser on a negotiable instrument for a large sum; he feels conscious that he is not liable, but, owing to the uncertainty as to the outcome, he compromises the claim for a lesser amount. He then sues the principal debtor to recover the sum paid. Must he not show that the demand against him was well founded in law? So in this case, before the respondents can recover the amount paid the government from the appellant, they must show that there was a legal obligation on their part

to make the payment, and they cannot show this without showing that they were guilty of the offense charged. So that, whether the respondents were guilty or not, they cannot recover from the appellant the amount paid the United States in compromise of the criminal charge.

The judgment of the court below is therefore modified by eliminating therefrom the sum of $400, and as thus modified, the judgment is affirmed. The appellant will recover its costs on the appeal.

MOUNT, C. J., FULLERTON, ROOT, and CROW, JJ., concur.