(December 12, 1905.)

## MILLER v. DONOVAN.

[83 Pac. 608.]

PLEADINGS—ISSUES MADE UNDER DENIALS—ILLEGAL CONTRACT AND FAILURE OF TITLE MUST BE AFFIRMATIVELY PLEADED.

1. Where plaintiff alleges the sale and delivery of property and failure and refusal by defendants to pay the purchase price, and defendants deny purchasing or receiving the property, evidence is not admissible under such denial for the purpose of showing illegality of contract or failure of title in plaintiff to the property alleged to have been sold.

2. A defendant who desires to show illegality of contract as being in violation of a statute or of public policy or would show fail-

ure of title or consideration must affirmatively allege such defense so as to apprise the adverse party of the nature of defense he will be called upon to meet.

3. Failure to make such allegations will only be excused where the illegality or failure of title or consideration appears from the complaint itself.

4. Issues not raised by the pleadings and presented to the trial court will not be considered on appeal.

(Syllabus by the court.)

APPEAL from District Court in and for Kootenai County. Honorable Ralph T. Morgan, Judge.

Action for debt. Judgment for plaintiff. Defendants appeal. Affirmed.

The facts are stated in the opinion.

Charles L. Heitman, for Appellant.

It is a penal offense by act of Congress to cut down timber upon any of the public lands of the United States, with intent to export, dispose of, use or employ the same in any manner whatever other than for the use of the navy of the United States. (U. S. Rev. Stats., sec. 2461.) A contract founded on an illegal consideration, or which is made for the purpose of furthering any matter or thing prohibited by statute, or to aid or assist any party therein, is void. This rule applies to every contract which is founded on a transaction, *malum in se*, or which is prohibited by statute on the ground of public policy. (*Swanger v. Mayberry*, 59 Cal. 91-94, and cases cited.) A penalty inflicted by statute upon the commission of an act implies a prohibition of it as an offense, so as to make a contract based on such act void. (*Mitchell v. Smith*, 1 Binn. 110, 2 Am. Dec. 417; *Ladda v. Hawley*, 57 Cal. 51.) Volume 20 of the United States Statutes, 89, which prescribes a penalty for cutting or destroying any timber growing on any land of the United States, but provides that "nothing in said act construed shall prevent any miner or agriculturalist from clearing his land in the ordinary working of his mining claim or preparing his farm for tillage,

or from taking the timber necessary to support his improve-
ments." (*United States v. Smith,* 8 Saw. 107, 11 Fed. 487.)
Tillage means husbandry—the cultivation of the land, par-
ticularly by the plow. (*United States v. Williams,* 9 Saw.
374, 18 Fed. 477.) Until the settler has perfected his right
by full compliance with the law and has made final proof,
he has no right to cut down and sell the timber on other
portions of the land which he is not intending to immediately
put into cultivation. (*Stone v. United States,* 167 U. S.
193, 17 Sup. Ct. Rep. 778, 42 L. ed. 127; *Shiver v. United
States,* 159 U. S. 491-498, 16 Sup. Ct. Rep. 54,.40 L. ed. 231;
*United States v. Cook,* 19 Wall. 591, 22 L. ed. 210.) ˙

Edwin McBee, for Respondent.

Appellant in his brief assumes that the logs were illegally
cut, and discusses that proposition to the exclusion of all
others. We think it is shown that appellant is not in a posi-
tion, under the pleadings, to make this defense on appeal, for
the reason that no such issue is raised in the pleadings. The
burden of proof is on the defendant to show by the pre-
ponderance of the testimony that the timber was cut unlaw-
fully. (*United States v. Routledge,* 8 N. Mex. 385, 45 Pac.
883.) Dolan was lawfully on the land and had a right to cut
timber therefrom, and the presumption follows that the cut-
ting was lawful. (*Denver etc. R. R. Co. v. United States,* 9 N.
Mex. 382, 54 Pac. 241.) The law in the federal court on
these questions is fully laid down in the case of *Shiver v.
United States,* 159 U. S. 491, 16 Sup. Ct. Rep. 54, 40 L. ed.
231. Section 2461 of the Revised Statutes of the United
States is not applicable to this case, or to any case of cutting
timber by a *bona fide* homesteader, or under authority from
such homesteader. (*Grubbs v. United States,* 105 Fed. 314,
44 C. C. A. 513.) In *De Groote v. Vanduzer,* 17 Wend. 170,
Bronson, J., said: "It cannot, I think, be maintained that a
contract which is not itself free from vice can be avoided on
the ground that it may possibly facilitate an illegal transac-
tion." (*Tracy v. Talmage,* 14 N. Y. 162, 67 Am. Dec. 132;
*Holman v. Johnson,* 1 Cowp. 341; *Waymell v. Reed,* 5 Term.

Rep. 599; *Green v. Sizer,* 40 Miss. 530; *Holt v. Barton,* 42 Miss. 711, 2 Am. Rep. 640; *Rogers v. Waller,* 4 Hayw. (Tenn.) 205, 9 Am. Dec. 758; 2 Chitty on Contracts, p. 977.)

AILSHIE, J.—The plaintiff commenced this action in the lower court to recover on two causes of action. By his first cause of action he alleged the sale and delivery to the defendants of four hundred and forty thousand eight hundred and fifteen feet of white pine, tamarack and cedar sawlogs, for which defendants promised and agreed to pay the sum of $1,569.12; that the defendants have failed, neglected and refused to pay any part thereof save and except the sum of $517.32; that there is still due and owing to plaintiff from defendants the sum of $1,051.80. By the second cause of action plaintiff alleged that on about June 20, 1903, he entered into a contract with the defendants whereby he agreed to drive four hundred and forty thousand eight hundred and fifteen feet of sawlogs from a point on Dolan creek in Kootenai county to Clark's Fork river at the mouth of Dolan creek, for the sum of fifty cents per thousand feet, and that the defendants agreed to furnish and put in a boom in Clark's Fork river to hold and protect the logs to be driven by plaintiff. And plaintiff alleges that he commenced to drive the logs, but that defendants failed, neglected and refused to prepare and put in the boom, and that by reason thereof plaintiff was put to extra labor, expense and trouble in the performance of the contract on his part, and that such extra labor, expense and trouble was to his damage in the sum of $75, and that the defendants had failed and refused to pay the plaintiff for his services in driving the logs in the amount of $220.40, and prayed judgment for the total sum of $1,347.20. Defendants' answer consisted of denials. In answer to the first cause of action defendants deny "that plaintiff did, on or about the 1st day of June, 1903, or at any other time, sell or deliver to the defendants the four hundred and forty thousand eight hundred and fifteen feet of white pine, tamarack or cedar sawlogs mentioned in the complaint of the plaintiff." Denies that they promised to pay plaintiff the sum of $1,569.12, or any sum;

deny the reasonable value of the logs; deny that they paid the plaintiff anything on the contract. The defendants closed their answer to plaintiff's first cause of action with the following paragraph: "Defendant further answering avers that on or about June 1, 1903, the plaintiff did negotiate with the defendant for the sale of certain sawlogs, but that during said negotiation the defendant discovered that said logs were not the property of the plaintiff, but that they had been removed from land not owned by the plaintiff, and without the permission of the owner thereof, and forthwith did defendant cease all negotiations and refuse to make any contract pertaining to said logs, and refused to accept said logs under any condition whatever; that during the pendency of the above-named negotiations and subsequent thereto, and independent thereof, the plaintiff secured credit of the defendant in the amount of $517.32." The answer to plaintiff's second cause of action consists of specific denials. Defendants then plead a counterclaim against plaintiff for the sum of $517.32. The case went to trial upon the issues thus made before the court without a jury. The court in its decision found in favor of the plaintiff and against the defendants on all the issues, and ordered judgment in favor of the plaintiff for the sum of $1,347.20, and judgment was thereupon entered accordingly. During the progress of the trial the defendants offered to introduce evidence tending to show that the logs for which plaintiff was seeking to recover the purchase price were cut by plaintiff from unsurveyed government lands, and that the title to the logs was not in the plaintiff at the time, but was in the United States government. To this offer the attorney for the plaintiff objected on the grounds that such question had not been made an issue by the pleadings in the case. The court, in ruling on the objection, said: "The question of title to these logs is not in issue here in the pleadings." After this ruling by the court it was agreed between counsel for the respective parties that the defendants might introduce such evidence as they had tending to show failure of title in plaintiff to the property which he claimed to have sold, and that the competency and admissibility of

such evidence as might be introduced should be argued by counsel in making their final argument of the case to the court. Under this agreement some evidence was introduced tending to show that the logs had been cut from a forty-acre tract of land which had been surveyed, but the survey had not yet been accepted by the government. It was also shown that one Tom Dolan, from whom plaintiff bought the timber, had occupied the land as a "squatter" under claim as a homestead since about 1891, and that he had some twenty acres cleared and in orchard, meadows, gardens, etc. After the close of the evidence defendants asked leave to make an amendment to their answer, which was granted by the court, and the amendment was as follows: "Defendants admit that they did negotiate for the purchase of said logs, but specially averring shows the court that during the pendency of said negotiations plaintiff stated that he would secure said logs from all liens and encumbrances and claims of any persons, and that he was to guarantee the title to the said logs. Defendant specially denies that plaintiff had title to said logs by reason of the fact that said logs were cut from unsurveyed lands." The only serious contention made by the appellants in this court for a reversal of the judgment is stated by appellant's counsel in his brief as follows: "The main point upon which appellants rely is the fact that respondent had no title to the logs described in the complaint, the same having been cut from land belonging to the United States government, and even had there been a contract made and entered into by and between respondent and appellants, whereby said logs were actually sold and delivered to appellants, such contract would have been contrary to public policy and therefore void, and could not be enforced by the courts, and no valid judgment could be rendered thereon." Respondent contends, however, that there was no issue made in the lower court by the pleadings as to illegality of the contract nor as to failure of plaintiff's title to the property which he claims to have sold to defendants.

The only issue made by the pleadings was: On the first cause of action a denial of the sale and delivery of the prop-

erty. Indeed, if tested by the strict rules of pleading, it is extremely doubtful if upon the first cause of action the plaintiff would not have been entitled to a judgment on the pleadings. As to the second cause of action the only issue was as to the making and entering into the contract, defendants denying that they entered into such contract. No issue was presented either by the original or amended answer as to the illegality of the contract or failure of title. It is true that the defendants inserted in their answer a paragraph as a reason why they did not enter into the contract alleged by plaintiff that plaintiff had no title to the property. But it would clearly make no difference what reasons defendants had for not entering into the contract, if, indeed, they did not contract. Their reasons for not doing so were entirely immaterial, were no part of their defense, and evidence to that effect was clearly inadmissible. By the answer in this case the plaintiff was notified that the only issue to be tried was the execution of the contracts alleged and the delivery of the property. Under these allegations no reasonable person could have been expected to prepare for trial upon the issue of illegal contract or failure of title in plaintiff to the property about which he had contracted. How could he be expected to meet the issue of illegal contract when the defendant denied that there had been any contract at all? We think the district judge was clearly correct when he held that want of title and illegality of contract were not an issue in the case. The answer of the defendants furnished the plaintiff with no information as to the nature of the defense which is being urged in this court. "If the defendants did not enter into the contract and receive the property as alleged by the plaintiff, then they were not liable and it would make no difference to them whether he owned the property or ever had the property. If they did enter into the contract as alleged by him, and received the property, then their answer did not present the issue upon which they expected to successfully defend against the plaintiff's cause of action, and they should not be heard to substitute a new defense upon appeal." The contention as made in this court would be

in the nature of a confession and avoidance. In section 3355 of Estee's Pleadings, fourth edition, it is said: "All matters in confession and avoidance showing that the contract sued upon was void or voidable in point of law must be affirmatively pleaded. It seems that illegality in a contract sued on, though shown by the testimony, cannot avail the defendant, unless it is alleged in the pleadings; and that an allegation in the answer that the contract was illegal, coupled with an enumeration in the same paragraph of specific grounds of illegality, does not entitle the defendant to prove any grounds of illegality not so specified." This text seems to be supported by *Finley v. Quirk,* 9 Minn. 194, 86 Am. Dec. 93; *Buchel v. Evans,* 21 Or. 315, 28 Pac. 67; *Jameson v. Coldwell,* 23 Or. 144, 31 Pac. 279; *Lyts v. Keevey,* 5 Wash. 609, 32 Pac. 534; *Heffron v. Pollard,* 73 Tex. 96, 15 Am. St. Rep. 771, 11 S. W. 165; 1 Chitty's Pleadings, 16th Am. ed., 506; Bliss on Code Pleadings, sec. 330. "We conclude that the question argued by plaintiff on this appeal was not made an issue by the pleadings in the case, and is not, therefore, properly before this court for our consideration." It is fair to observe here that counsel who presents this appeal on behalf of defendants appears not to have been in the case until after judgment was entered against the defendants in the lower court. In fact, the original answer appears to have been drawn by one of the defendants and the amendments thereto by other counsel who appeared for defendants on the trial of the case in the lower court. For the reasons above stated the judgment will be affirmed, and it is so ordered. Costs awarded to respondent.

Sullivan, J., concurs.

### ON PETITION FOR REHEARING.

#### (January 9, 1906.)

SULLIVAN, J.—A petition for rehearing has been filed in this case, and counsel for the petitioner urges that the judgment in the court below was obtained by evidence introduced fraudulently and calculated to mislead the court.

A number of affidavits and certificates are attached to the petition in support of that contention. Conceding that the judgment was obtained by "fraudulent" evidence which misled the court, that error or mistake cannot be reached and corrected on appeal or on petition for a rehearing. Evidence not presented on the trial cannot be considered on appeal. This matter was considered on the original hearing, but was not referred to in the opinion. We have carefully considered the authorities cited by counsel, as well as his contention contained in said petition, and the court is still inclined to adhere to its former conclusion that the question of the illegality of the contract sued on, or the failure of title in the plaintiff to the property referred to therein, was not put in issue by the pleadings, and for that reason could not be considered by the trial court. An issue of fact not raised by the pleadings and presented to the trial court will not be considered on appeal. A rehearing is denied.

Stockslager, C. J., and Ailshie, J., concur.