Argued 29 March, decided 29 May, 1906.

### JACKSON v. BAKER.

85 Pac. 512.

</div>

PUBLIC LANDS—CONTRACT TO CONVEY HOMESTEAD—PUBLIC POLICY.

1. A contract by a homestead claimant under the laws of the United States to convey to another such homestead, after obtaining title thereto, is void, as against the public policy of the national government, and cannot be enforced by either party.

ILLEGAL CONTRACT—COURTS—DUTY TO DISMISS.

2. When it becomes apparent in any way during the legal course of a proceeding that a contract sued on is illegal, the action should be dismissed by the court *sua sponte*, even though the objection be expressly waived, the courts being bound not to permit the forms of justice to be used thus for an improper purpose.

RESPECTIVE SITUATIONS OF PARTIES TO ILLEGAL CONTRACTS.

3. All parties to an illegal contract are equally at fault, and none of them have any standing in courts of justice to enforce the contract or to recover any consideration paid under its terms.

From Josephine: HIERO K. HANNA, Judge.

Statement by MR. CHIEF JUSTICE BEAN.

This is an action by H. W. Jackson against G. W. Baker to recover $1,000 paid by the plaintiff and his assignor to the defendant in consideration of an agreement by the latter to sell and convey land entered by him as a homestead upon obtaining title thereto. The complaint alleges that in September, 1903, the plaintiff and defendant and one Hamilton were the owners as tenants in common of certain mining property, and that the defendant was in possession of 160 acres of adjoining land, which he had entered under the homestead laws; that at the date mentioned the parties referred to contracted and agreed with one Draper to sell and convey to him the mine and homestead for $25,000, and that it was agreed between the plaintiff and Hamilton and the defendant that if the entire sum should be paid for the property the former would pay to the latter out of their part of the proceeds $1,000 in consideration of his transferring to Draper the "legal title" to the land covered by the homestead, but that if he failed, or neglected to make such transfer he would return the money so paid; that thereafter Draper paid the $25,000 for the property, and plaintiff and Hamilton paid the defendant $1,000; that defendant never obtained title to the homestead because his entry was subsequently canceled for the reason that the land was mineral in character, and not subject to entry under the homestead laws, and defendant did not and cannot transfer the legal title thereto to Draper; that plaintiff has succeeded to all the rights of Hamilton in and to the money paid by them to the defendant and prior to the commencement of this action defendant promised and agreed to repay the same to him but has failed and neglected to do so.

A demurrer to the complaint because it did not state facts sufficient to constitute a cause of action was overruled, and the defendant answered denying the material allegations, and affirmatively alleging that he only agreed to surrender and relinquish to Draper his homestead entry, and that the consideration for the $1,000 paid him by Hamilton was such surrender, and certain assessment and development work which

he had done on the mining property. A reply put in issue the new matter pleaded in the answer, and a trial was had before the court, and a jury. At the close of plaintiff's case the defendant moved the court to direct a verdict in his favor, but this motion was overruled, and the cause submitted to the jury who returned a verdict in favor of the plaintiff. From the judgment entered thereon this appeal is taken.                              REVERSED.

For appellant there was a brief and an oral argument by *Mr. Austin S. Hammond.*

For respondent there was a brief over the names of *Asa Connor Hough* and *Reames & Reames,* with an oral argument by *Mr. Hough.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

1. There is no bill of exceptions. The only question made on the appeal is that the contract between the plaintiff and Hamilton and the defendant, as alleged and set out in the complaint, is illegal and void as against public policy, and ought not to be enforced by the courts. The substance of the complaint is that the defendant agreed for a consideration paid by plaintiff and Hamilton to convey to Draper the legal title to his homestead after he should obtain title thereto from the United States. Such a contract is illegal and void because against the spirit and policy of the homestead law, and will not be enforced by the courts at the demand of either party thereto: *Kine* v. *Turner,* 27 Or. 356 (41 Pac. 664) ; *Oaks* v. *Heaton,* 44 Iowa, 116 ; *McCrillis* v. *Copp,* 31 Fla. 100 (12 South. 643) ; *Dawson* v. *Merrille,* 2 Neb. 119 ; *Mellison* v. *Allen,* 30 Kan. 382 (2 Pac. 97) ; *Anderson* v. *Carkins,* 135 U. S. 483 (10 Sup. Ct. 905, 34 L. Ed. 272).

2. If the illegality appears from the complaint or the plaintiff's case, the court will, at any stage of the proceedings, dismiss the action, although such illegality is not pleaded as a defense, or insisted upon by the parties, and may have been expressly waived by them. It is an objection which the court itself is bound to raise in the due administration of justice, regardless of the wishes of the parties: *Oscanyan* v. *Arms Co.,* 103 U. S. 261 (26 L. Ed. 539) ; *Buchtel* v. *Evans,* 21 Or. 309

(28 Pac. 67) ; *Ah Doon* v. *Smith,* 25 Or. 89 (34 Pac. 1093) ; *Bradtfeldt* v. *Cooke,* 27 Or. 194 (40 Pac. 1, 50 Am. St. Rep. 701) ; *Miller* v. *Hirschberg,* 27 Or. 522 (40 Pac. 506) ; *Pacific Livestock Co.* v. *Gentry,* 38 Or. 275 (61 Pac. 422, 65 Pac. 597) ; *Cullison* v. *Downing,* 42 Or. 377 (71 Pac. 70) ; *Kreamer* v. *Earl,* 91 Cal. 112 (27 Pac. 735).

3. The plaintiff's counsel seems to think that the parties to this litigation were not *in pari delicto;* but, as said by Mr. Justice BREWER in a similar case (*Anderson* v. *Carkins, supra*) : "We are unable to see any distinction in moral status between the man who contracts for the perjury of another, and the one who contracts to commit such perjury."

The judgment is reversed, and the cause remanded, with directions to dismiss the complaint.          REVERSED.