Submitted on briefs January 18, reversed February 8, 1927.

## RODERICK L. MACLEAY *v.* S. H. COOPER ET AL.

### (252 Pac. 954.)

**Pleading—Sustaining Demurrer on Ground That Letter of Plaintiff to Bank was Part of Contract With Defendant Held Error, in View of Contrary Admission in Demurrer.**

In suit to enjoin distribution of money gratuitously deposited by plaintiff in escrow with bank as agent and trustee, sustaining of demurrer, based on belief that letter between plaintiff and bank was part of contract between plaintiff and defendant oil and gas lessors, *held* error, in view of admission in demurrer of allegation to the contrary.

Escrow, 21 C. J., p. 893, n. 8 New.
Injunctions, 32 C. J., p. 342, n. 14.

From Multnomah: JOHN H. STEVENSON, Judge.

In Banc.

This is a suit instituted to enjoin the defendant bank from distributing among the other defendants the sum of $5,000 deposited with the defendant bank by the plaintiff pursuant to the following letter:

"Portland, Oregon, June 4th, 1925.
"Yamhill State Bank,
  "Yamhill, Oregon.
"Dear Sirs:
"Oscar W. Haynes and Albert S. Nelson will very soon deposit with you, for my account and in my interest, certain oil and gas agreements, duly recorded. These agreements cover an acreage of land of about, at this date, 6000 acres. Subsequent to this date other agreements are expected to be secured by them, but in no event are you authorized to receive from them an acreage totaling in excess of 7,500 acres, nor any agreement covering acreage located more than 10 miles from the City of Yamhill, Oregon.
"You are authorized by me to receive these agreements in escrow, for my account and as my agent, and

to take possession of the $5000 that I now have deposited in your bank and place it in escrow with the agreements mentioned, which are to be delivered to you by Messrs. Haynes and Nelson on the following terms and conditions, viz.:

"1st. That in the event that the provision mentioned in the agreements in regard to drilling operations, to be begun by me, my successors or assigns, on or before January 1st, 1926, are not so begun, in accordance with the terms of the agreement, you are hereby authorized to divide the said $5000 between the parties represented by the agreements that you hold on January 1st, 1926. Each party to receive from you such proportion of the $5000 as his or her acreage bears to the total amount of acreage of all of the agreements.

"2nd. You are instructed that if I, my successors or assigns, begin to drill a well in accordance with the terms of the agreement on or before January 1st, 1926, you are to deliver all of the agreements that you hold in escrow to me, and to pay over to me the $5000 above mentioned when the drilling operations shall have reached a depth of 500 (five hundred) feet.

"In the event that you do not receive from Messrs. Haynes & Nelson duly recorded agreements totaling at least 5000 acres, these instructions and this authority are to be null and void.

"Dated ........................ ...............

"(Signed)   RODERICK L. MACLEAY."

The suit was dismissed upon demurrer to the complaint based on the ground that the plaintiff has a complete remedy at law, and that the complaint does not state facts sufficient to constitute a suit against the defendants. The errors assigned are the ruling of the court sustaining the demurrer and dismissing the suit. Plaintiff made no effort to sink a well on any land in Yamhill district, but abandoned his rights under the leases.          REVERSED.

For appellant there was a brief over the name of *Mr. Sanderson Reed.*

For respondents there was a brief over the name of *Messrs. Vinton & Tooze.*

COSHOW, J.—The defendants waived their first ground of demurrer. By the second ground of demurrer the defendants admit:

"II.     That the plaintiff having a purpose to experiment in the neighborhood of said town of Yamhill, in the said County of Yamhill, for oil and finding it necessary for that purpose, did expend large sums of money in prospecting and endeavoring to obtain preliminary rights upon the lands of others, whereupon divers and sundry individuals (said defendants other than Yamhill State Bank) owning real property in proximity to said town of Yamhill did sign certain printed agreements or oil leases in all not less than 6200 acres to be delivered to this plaintiff should plaintiff begin to bore for oil on or before the 1st day of January, 1926."

"VI.     That the said contracts between the said individuals and this plaintiff were obtained at the expense of the plaintiff and for this purpose the plaintiff paid out large sums of money and the defendants paid out no money whatever, all of the risk and expense being assumed by this plaintiff."

"VIII.     That said letter was written by this plaintiff to this defendant, the Yamhill State Bank, and received by it as banker for the plaintiff and as his agent and trustee."

"IX.     Plaintiff alleges that said oil leases pursuant to the terms thereof were placed in said bank by the respective owners thereof for future delivery to this plaintiff; that no escrow agreement was entered into by said Yamhill State Bank with the parties signing said oil leases or any of them, as agent of this plaintiff or for or on account of this plaintiff other than

that the said bank was the recipient of said contracts for and on behalf of the defendants under the printed terms of each of said oil leases, nor has the plaintiff by himself or by said bank entered into any other or further escrow agreement with the signers of said contracts or any of them; that no escrow or other agreement has been entered into by said signers or said bank and that the only agreements between the plaintiff and the defendants other than the Yamhill State Bank are contained in the separate and respective printed oil leases or agreements."

"X.   That said defendants named in said oil leases or agreements have made no further or additional contracts or agreements or promises to this plaintiff nor passed any consideration whatever to this plaintiff."

"XIII.   That notwithstanding the premises the said Yamhill State Bank does refuse and decline to return and pay to the plaintiff the said sum of five thousand dollars ($5000.00) and does threaten to dispose of the said five thousand dollars ($5000.00) and divide the sum up among the individuals above mentioned with whom this plaintiff entered into said optional oil leases and unless this defendant, the Yamhill State Bank, is enjoined this plaintiff alleges it will so distribute and pay said money whereby this plaintiff will suffer the loss of said sum of five thousand dollars ($5000.00) and the interest thereon."

It thus clearly appears that the $5,000 was deposited by the plaintiff with the defendant in escrow as his agent and trustee. The contract between the plaintiff and the defendant lessors contains the following matter:

"The party of the second part promises and agrees that he will spend time, labor and money in investigating the district in the neighborhood of the property above described without expense to the parties of the first part, for oil and/or gas which it is agreed is of value to the parties of the first part, but this

agreement shall be void unless the party of the second part on or before Jan. 1, 1926, shall commence drilling a well for oil and/or gas on either the parcel of land herein described or on one of the other parcels in the Yamhill District in which he holds an agreement and thereafter to continue the work of drilling with diligence until a depth of twenty-five hundred (2500) feet is reached, unless oil and/or gas is discovered in paying quantities at a lesser depth, or further drilling in the opinion of the geologist of the party of the second part, is hopeless, by reason of the formations encountered. * *

"It is mutually understood and agreed that this agreement shall be put in escrow in the Yamhill State Bank to be delivered to the party of the second part when actual drilling operations are begun by him, and not before."

A copy of the contract of leasing was attached to the complaint and is made a part thereof by proper averment and reference. It thus appears that the $5,000 in escrow was placed there by the plaintiff to be held by the bank as his agent and trustee. From the record before us the $5,000 was a gratuitous deposit by the plaintiff. The contract between him and the defendant lessors did not call for or require that deposit. The defendants, so far as the record discloses, had no interest in it. The money being in the hands of plaintiff's agent and trustee, he would have the right to withdraw it unless the defendants could show that they had some interest in or right to it. No such interest or right is shown by the complaint. On the contrary, the demurrer admits the allegation that the only agreement between plaintiff and defendant lessors is contained in the contract of leasing. No reference is made to said $5,000 in that contract. The learned Circuit Court treated the matter in his opinion as though the letter constituted a part

of the contract between plaintiff and the defendants. According to the complaint, however, the letter of the plaintiff to the bank was no part of the contract entered into between him and the defendant lessors. If an agreement exists between the plaintiff and the defendant lessors requiring the plaintiff to make the deposit of $5,000 in accordance with the letter, set out above, it should be set up as a defense in order for defendants to have the benefit thereof in this suit.

It was error to sustain the demurrer. The decree dismissing the case is reversed and the cause remanded, with directions to proceed consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.