Argued February 15, affirmed April 16, 1929.

# JAMES NICKOLOPOLUS *v.* CHARLES F. FRANK AND F. W. PETERS.

(276 Pac. 695.)

For appellants there was a brief and oral argument by *Mr. Senaca Fouts.*

For respondent there was a brief and oral argument by *Mr. Dan J. Kenney.*

BEAN, J.—The testimony on the part of plaintiff tended to show that when they were filling the cigar lighter defendants' servant, Gavin, held back the trip or lever of the cigar lighter to free an opening therein to insert the gasoline, and that he carelessly

let the trip or sparking mechanism fly back and ignite the gasoline; that plaintiff never smoked or worked in a cigar store and was not familiar with a cigar lighter, and did not know of the danger of its setting the fire or causing an explosion, and that Gavin gave him no warning or information that the cigar lighter, when so manipulated, was a dangerous mechanism; that plaintiff's hands and wrists were burned. The testimony tended to support the allegation of the complaint and to show that plaintiff's partner did not hit the lever of the cigar lighter with the pan or touch it.

■ The defendants assign as error, the overruling of defendants' motions for a nonsuit and for a directed verdict. These motions may be considered together. The main question as to whose negligence caused the ignition of the cigar lighter and gasoline, is directly in conflict in the evidence and was therefore a proper question for the jury. Defendants contend that there was no evidence to show that Gavin was the servant or agent of defendants.

■ All of the testimony on both sides must be considered as to this point. The testimony on the part of defendants showed that Gavin, at the time mentioned, was employed by defendants as "all around clerk in the store, selling merchandise." Defendants are bound by this testimony. Defendants also claim that plaintiff was guilty of contributory negligence. The question of contributory negligence, as a defense, is for the jury, except where the facts are admitted, and only one inference can be drawn from them upon the disputed question of facts in the case. We think that the question of whether plaintiff was guilty of negligence which contributed to his injury was one for the jury: *Saylor* v. *Enterprise Electric Co.,* 110

Or. 231–243 (222 Pac. 304, 223 Pac. 725); *Nosler* v. *Coos Bay R. R. Co.,* 39 Or. 331–335 (64 Pac. 644, 22 Am. & Eng. R. R. Cas. 720); *Webb* v. *Heintz,* 52 Or. 444, 446 (97 Pac. 753); *Greenwood* v. *Eastern Oregon Power Co.,* 67 Or. 433, 441 (136 Pac. 336); *Cooper* v. *North Coast Power Co.,* 117 Or. 652, 669 (244 Pac. 665, 245 Pac. 317).

■ Defendants claim plaintiff violated Section 10, Chapter 298, General Laws of Oregon, 1925, which provides that gasoline shall not be handled in open containers in dry-cleaning establishments. The testimony indicated that plaintiff and his partner handled about a gallon of gasoline for their own use in a regular container, and not an open one or in violation of the statute, and did not keep it for sale, or sell it. The evidence tended to show that the plaintiff had a permit from the City of Portland to keep gasoline. Defendants did not plead a violation of the statute.

"The violation of a protective statute or a statute establishing a public policy is negligence *per se*" and "if the illegality appears from the plaintiff's own showing the court may say to him, you have no right to be heard in a court of justice, but if it does not so appear it cannot be shown by defendants unless pleaded": *Buchtel et al.* v. *Evans,* 21 Or. 309 (28 Pac. 67); *Ah Doon* v. *Smith,* 25 Or. 92 (34 Pac. 1093); *Peterson* v. *Standard Oil Co.,* 55 Or. 511, 519 (106 Pac. 337, Ann. Cas. 1912A, 625).

■ According to the admitted facts as to how the cigar lighter was manipulated, it was a dangerous appliance. And there was great danger of setting fire to the gasoline by tripping the lever of the cigar lighter. The tripping of the sparking device was much like the pulling of the trigger of a loaded gun when it was pointed the wrong way. The testimony

indicated that the defendants in causing a spark-emitting device to be taken into plaintiff's shop owed a duty to plaintiff to inform him of the danger of which he had no knowledge.

The jury was warranted by the testimony in finding that the agent or servant of defendants was negligent in setting the fire. See Annotations, 41 A. L. R., pp. 35-37.

Finding no error in the record the judgment of the Circuit Court is affirmed.   AFFIRMED.

CosHow, C. J., and Brown and Belt, JJ., concur.