Argued February 17; affirmed March 23; rehearing denied
April 20, 1937

## CHANDLER *v.* HULTGREN

(66 P. (2d) 268)

*C. A. Appelgren* and *Louis E. Schmitt*, both of Portland, for appellant.

*Ralph A. Coan*, of Portland (Coan & Rosenberg, of Portland, on the brief), for respondent.

BAILEY, J. This action was instituted by M. D. Chandler, receiver of Diamond Motor Parts Company, a Minnesota corporation, to recover from the defendant Gust Hultgren, alleged to be a stockholder of Diamond Motor Parts Company, an assessment ordered levied and collected, by the United States district court for Minnesota, sixth division. From a judgment in favor of the plaintiff the defendant appeals.

There are two main questions here involved, to wit: (1) Did the circuit court of the state of Oregon for Multnomah county err in refusing to allow the defendant to file an amended answer on appeal to that court from the district court of said county? And (2) did the circuit court err in refusing to consider the question of

the illegality of the subscription of the defendant for stock in the insolvent corporation?

This action originated in the district court for Multnomah county. The complaint alleges that the defendant was the owner of 831 shares of stock in Diamond Motor Parts Company, a Minnesota corporation; that the said corporation became financially involved, about the year 1929, and that upon proceedings had in the federal court in Minnesota the said corporation was declared insolvent and M. D. Chandler was appointed receiver therefor; that thereafter, pursuant to the provisions of the constitution and statutes of the state of Minnesota, further proceedings were had in the federal suit whereby an assessment of one dollar per share was ordered by the court, against each stockholder of the insolvent corporation, and the receiver thereof was authorized, unless said assessment was paid, to institute actions to collect the same; and that this action was brought pursuant to the constitution and statutes of the state of Minnesota and the order of the said federal court.

In the amended answer filed by him in the district court the defendant denied all the allegations of the complaint either generally or on information and belief, and for a further and separate answer alleged the incorporation of Diamond Motor Parts Company, the purpose of its organization, and defendant's ownership of stock in the corporation "to the extent of thirty-nine shares and no more", and stated that the said stock was fully paid and non-assessable. A certain section of the constitution of Minnesota and certain statutory provisions of that state are then set forth in *haec verba* and the conclusion is drawn from those allegations that the order of the federal court levying the assessment

was contrary to the provisions of the constitution referred to in the answer and therefore invalid and void. The matters alleged in the answer were put in issue by the reply.

On the trial in the district court judgment was had by the plaintiff, and the defendant appealed. Before the matter came on for hearing in the circuit court the defendant moved for permission to file a second amended answer, which motion was denied. This second amended answer, after admitting most of the allegations which had been denied in the amended answer on information and belief, and denying others, alleged the incorporation of Pan Motor Company and Mutual Motor Manufacturing Company and stated that the latter corporation acquired all the interest of Pan Motor Company, and that Diamond Motor Parts Company subsequently acquired all the interest of Mutual Motor Manufacturing Company. It is then alleged that the defendant had subscribed for and purchased certain shares of stock in the two former corporations, for which he later received in exchange shares of stock in Diamond Motor Parts Company, and that he subscribed for additional shares of stock in this last-named corporation.

The second amended answer avers that the shares of stock in the three corporations were subscribed for by the defendant in the state of Oregon; that none of such corporations had authority from the state of Oregon to sell its respective stock in this state; and that none of the agents who sold said stock in the state of Oregon had authority as broker, agent or otherwise, to sell the same. The conclusion is then stated that by reason of the failure of said corporations and their salesmen to comply with the corporation laws of this

state as to sale of stock or securities of a corporation, such sales were illegal and void.

By a further answer in the nature of a counter-claim the defendant asks for judgment against the plaintiff for the sums which he paid to the three corporations for the stock he subscribed for, amounting to $862.

■ The amended answer on which the case was tried in the district court denied that the defendant was the owner of any of the stock in the insolvent corporation except thirty-nine shares, which it affirmatively alleged he owned. The defense, however, as to these thirty-nine shares was that under the constitution and laws of the state of Minnesota the stock purchased by the defendant was fully paid and non-assessable. In the second amended answer he tendered for filing in the circuit court the defendant denied ownership of any stock in the insolvent corporation and affirmatively averred that the stock alleged to belong to him was sold to him in Oregon in violation of the laws of this state. He abandoned entirely his original defense of non-liability based on the Minnesota law. In addition to setting up the defense of illegality of the transaction involving his alleged purchase of the stock, the defendant in his tendered second amended answer asked judgment on his counter-claim against the plaintiff for the amount which he had paid for the stock standing in his name on the books of the corporation. It is therefore apparent that the second amended answer substantially changed the issues upon which the case was tried in the district court and introduced a new defense and an alleged cause of action on defendant's behalf not even suggested in the district court pleadings.

■ The latest expression of this court in regard to the filing of amended pleadings on appeal from the dis-

trict to the circuit court is contained in the opinion in the case of *Higgins v. Fields*, 150 Or. 528 (47 P. (2d) 235), in which numerous decisions on this subject are reviewed. In that case it was held that where the amendment substantially changed the issues or presented a new defense not raised in the district court it should not be allowed. That precedent is controlling here.

It is further argued by the defendant that since the alleged illegality of the contract for the purchase of stock by defendant was called to the attention of the trial court by defendant's request for permission to file a second amended answer and by the offer of proof in the nature of testimony of numerous witnesses in support of the allegations of the second amended answer, the court on its own motion and without any pleading on behalf of the defendant in relation to such illegality should have investigated thoroughly the circumstances attending the purchase of stock by the defendant, and if after investigation it was found that the stock was sold in this state contrary to the laws of Oregon, the court should have dismissed the action on its own initiative.

There is nothing contained in the complaint to indicate that the stock owned by the defendant was purchased in the state of Oregon or that the corporation and its sales agent were not authorized to sell the stock of the corporation in this state. Nor did the evidence to prove plaintiff's case show in the least that the stock standing in defendant's name on the books of the insolvent corporation was sold in violation of the laws of this state. There was, therefore, nothing in plaintiff's case, either in his pleadings or his evidence, which in any manner indicated that the action being prosecuted by him was based on an illegal contract. It

has been the holding of this court in several instances that where the illegality of the transaction sued upon "appears from the complaint or the plaintiff's case, the court will, at any stage of the proceedings, dismiss the action, although such illegality is not pleaded as a defense, or insisted upon by the parties, and may have been expressly waived by them": *Jackson v. Baker,* 48 Or. 155 (85 P. 512); *Newport Construction Co. v. Porter,* 118 Or. 127 (246 P. 211).

■ The defendant relies upon the two last-mentioned cases and, in addition, *Cox v. Cameron Lumber Co.,* 39 Wash. 562 (82 P. 116); *Oscanyan v. Winchester Repeating Arms Co.,* 103 U. S. 261 (26 L. Ed. 539); *Attridge v. Pembroke,* 235 N. Y. App. Div. 101 (256 N. Y. S. 257); 13 C. J., page 507, § 555, and page 742. None of these authorities supports the defendant's contention. They are alike in holding similarly to the Oregon cases cited, that where the illegality of the transaction appears from the complaint or otherwise in the plaintiff's case the court will *sua sponte* dismiss the suit or action. None of them sanctions the proposition that where invalidity of the transaction is not affirmatively alleged in the answer nor apparent from the complaint or elsewhere in plaintiff's case, the court will, at the mere suggestion of the defendant, go beyond the issues framed by the pleadings to determine whether there may be illegality connected with the dealings between the litigants. Illegality of the transaction sued upon, when the same does not appear in the complaint nor from plaintiff's evidence, must be affirmatively alleged in the answer and proved, in order to be available as a defense: *Buchtel v. Evans,* 21 Or. 309 (28 P. 67); *Jameson v. Coldwell,* 23 Or. 144 (31 P. 279); *Nickolopolus v. Frank,* 129 Or. 118 (276 P. 695).

■ Since the proffered second amended answer was not before the court, after defendant's motion to file the same had been denied, it would indeed result in a strange situation and lead to absurd complications to hold, as now contended by defendant, that the trial court was obliged to consider the affirmative allegation of illegality in the purchase of the corporate stock by defendant, set up in that rejected pleading, and make its own independent investigation to determine the truth or falsity of such allegation.

■ It is intimated that because the plaintiff was appointed receiver by the federal court in Minnesota he has no legal capacity as such receiver to sue in the state of Oregon. This objection, however, was waived by defendant's failure to demur to the complaint: §§ 1-605 and 1-609, Oregon Code 1930.

The complaint sets forth all the proceedings leading up to and culminating in the order of the federal court levying the assessment against the various stockholders of the insolvent corporation. In making the assessment pursuant to the laws of Minnesota the federal court had jurisdiction of the subject matter and of the parties. Proceedings similar to those here involved were approved in the case of *Chandler v. Peketz*, 297 U. S. 609 (80 L. Ed. 881, 56 S. Ct. 602).

There is nothing said in the case of *Sterrett v. Stoddard Lumber Company*, 150 Or. 491 (46 P. (2d) 1023), which in any way indicates that it would be contrary to the public policy of the state of Oregon to permit this action to be maintained by the present plaintiff against the defendant for the collection of an assessment on stock held by defendant in a Minnesota corporation.

.

■ An exception to the sureties on the undertaking on appeal to this court, filed by the respondent, was sustained, on the ground that they were the same sureties who had signed the undertaking on appeal from the district court to the circuit court and therefore were adverse parties, hence disqualified to act as sureties. A new undertaking was thereupon given by the appellant. It is now argued that the circuit court committed error in sustaining the respondent's exception. No authorities, however, are cited in support of this contention; and in any event the question is moot so far as this appeal is concerned.

We find no error in the judgment appealed from and it is therefore affirmed.

BEAN, C. J., and CAMPBELL and RAND, JJ., concur.