JOHN HOYLE v. J. F. JOHNSON.

(Filed February 14, 1907.)

REAL PROPERTY—Contracts—Homestead Lands. A contract where-
by a party holding a homestead entry on government land, (n
which is certain improvements, agrees with another party to pay
him a certain per cent. if he will find a purchaser for such land
or improvements, and where such party does find such purchaser,
and the purchaser pays to the homestead entryman a certain stipu-
lated sum for the right and the improvements on his homestead,
and the homestead entryman goes to the land office and releases
his homestead entry, and the other party files thereon, such
contract for commission is not void as being in violation of the
land laws of the United States.

(Syllabus by the Court.)

*Error from the District Court of Day County; before
John L. Pancoast, Trial Judge.*

*J. C. Wright* and *Charles Swindall,* for plaintiff in error.

*A. L. Squire* and *Cowgill & Dunn,* for defendant in
error.

STATEMENT OF FACTS.

This was an action first begun in the probate court of
Day county, Oklahoma. In that court a bill of particulars
was filed, and an affidavit for attachment, bond for costs,
and summons and attachment issued. After a motion to dis-
solve the attachment had been overruled, and after leave of
court, an amended petition had been filed, the parties an-
nounced ready for trial, and the cause was submitted to a

jury. The jury found in favor of the plaintiff in the sum of $62.50. The court rendered judgment for that amount. From that judgment an appeal was taken to the district court. In the district court, the bill of particulars was again amended, and as amended is as follows:

"Comes now the above named plaintiff, J. F. Johnson, and for cause of action against the defendant states that on or about the 18th day of February, 1905, and for more than two years prior thereto, plaintiff was a real estate broker, and as a real estate broker was engaged in finding purchasers of land and assisting in the consummation of the sale of land to purchasers that he had found, in the vicinity of Craft, Day county, Oklahoma Territory.

"That while engaged in said business in said locality of Craft, the said defendant, John Hoyle, on or about the month of June, 1903, and at various times thereafter, by sundry conversations and circumstances between said June, 1903, and the 18th of February, 1905, engaged plaintiff to procure a purchaser for and assist in selling a certain quarter section of land, to-wit: South one-half southeast one-quarter section thirty-two, township twenty, range twenty-four, and north one-half of northeast one-quarter section five, township nineteen, range twenty-four, or the improvements thereon, and that it was the understanding between them, the said defendant, and this plaintiff, that defendant was to pay this plaintiff a commission for procuring such purchaser and affecting sale of said land an amount equal to five per cent. of the first one thousand dollars of the purchase price of the land and an amount equal to two and one-half per cent. on all received more than one thousand dollars of the purchase price.

"That pursuant to said engagement and contract, said plaintiff advertised said land for sale and went to a large expense and trouble to find a purchaser and did sell said land

for said defendant at the price fixed therefor by said defendant and that he has in every way performed his part of said contract and has done every act that he ought to have done in relation thereto, and that defendant has sold said land through the agency of this plaintiff and that he, the said defendant has received therefor the price that he asked for said land, and that defendant has received the full benefit of the sale.

"That after this plaintiff had advertised the said land for sale and sought to procure a purchaser for a long time, he did in the fore part of January, 1905, find a purchaser for said land and took said purchaser to the said defendant, John Hoyle, and through the agency of this plaintiff, said defendant sold said land to said purchaser on or about the 18th day of February, 1905, for the sum of one thousand five hundred dollars.

"That by reason of the facts stated above, this plaintiff is fully entitled to a commission for the sale of said land and that the defendant for said commission is indebted to this plaintiff in the sum of sixty-two and 50-100 dollars.

"That at the times and in the manner hereinbefore stated, plaintiff at the request and instance of the defendant, rendered and performed services for said defendant, and that the reasonable value of said services was and is sixty-two and 50-100 dollars, and that this defendant has not at any time paid sixty-two and 50-100 dollars, nor any part thereof, nor has he paid plaintiff for said services nor any part thereof, but he is at this time indebted to this plaintiff for the said services the sum of sixty-two and 50-100 dollars.

"Wherefore, plaintiff prays that he may be given judgment against the said defendant, John Hoyle for the sum of sixty-two and 50-100 dollars, and the costs of this action, and

interest on the same from the date of the rendition of said judgment, and that he may have execution for the same.

"A. L. Squire,

"Endorsed:                              "Att'y for Plaintiff.
"Filed April 5, 1905.

"E. P. Kelly,
"District Clerk.
"O. E. Null,
"Deputy."

To this bill of particulars, the defendant entered a general denial. Thereafter, and on the 18th day of October, 1905, the cause is reached in regular order for trial, both parties being ready and a jury being waived, the evidence is submitted to the court and the court finds for the plaintiff and renders judgment in the sum of $62.50, to which ruling of the court the defendant excepts. Motion for new trial having been filed and overruled, judgment rendered in favor of the plaintiff, defendant excepts, exceptions saved, and the cause is brought here for review.

Opinion of the court by

IRWIN, J.: The only grounds urged by plaintiff in error for a reversal of this case, are that the contract as made between the plaintiff and defendant, was one which was in violation of the United States statutes, in regard to the entering and proving up of public lands, and in support of that he cites section 2362 of the Revised Statutes of the United States, which requires the applicant who seeks to enter land under the pre-emption laws to make oath that "he has not, directly or indirectly, made any agreement or contract in any way or manner," with any person whatsoever, by which the title which he might acquire from the government of the

United States should inure in whole or in part to the benefit of any person except himself; and if any person taking such oath swears falsely in the premises, he shall forfeit the money which he may have paid for such land, and all right and title to the same," and in support of their contention that this contract was a contract by which the defendant was to prove up government land for the purpose of conveying the same to a third party, and that the agreement between plaintiff and defendant was made prior to such proving up and that the proving up of the lands was a part of the contract, and that as the proving up under such circumstances would. necessitate the committing of perjury, that this contract would be void.    Counsel for the plaintiff in error select out a small part of the cross-examination of the plaintiff wherein he is made in answer to a question, to say that this contract was that the defendant would prove up for the benefit of another party, and that they were to sell it to the other party after it was so proved up, but we think that even the portion selected, when viewed in the light of all the other testimony in the case, will not bear this construction.   In their brief, they cite the following question:

"Q.   Then your contract, that is, if you. had a contract, was that they would prove it up for the benefit of another party?

"A.   Well, yes, about that way.

"Q.   They were to prove it up and sell it, or they were to relinquish it?"

"A.   Yes sir."

Now, it will be seen that this latter question embodied two questions, that is, that they were to prove it up and sell

it, or, to relinquish it, and he makes one general answer to both, "yes sir." This would not be a very intelligent answer, but we think when the entire record is examined, it will be apparent that it was not the intention of either the plaintiff or defendant that the proving up of this land was to be a condition precedent to the sale; that the defendant simply contracted with the plaintiff that if he would procure a purchaser who would buy whatever right he had in the land and the improvements situated thereon, for a certain stipulated price that he would allow him a certain commission. The record shows the fact that he did find such a purchaser, and the purchaser paid the price agreed upon, and that the land was never proven up by the defendant, but that the defendant went with the purchaser to the land office and the defendant relinquished his homestead entry and the purchaser filed thereon. We do not think that this case falls within the definition or the section insisted upon by the plaintiff in error. Plaintiff in error cites in support of his contention the decision of the supreme court of Oregon, in the case of *Jackson v. Baker,* 85 Pac. 512, which provides:

"A contract whereby defendant agreed for a consideration paid by plaintiff and another, to convey to a third party the legal title to defendant's homestead when he had obtained title thereto from the United States, was illegal and void and unenforceable at the demand of either party thereto."

There is no question about this being correct law, but there is grave question in the mind of this court as to its having any application to the facts in this case. Here there was no contract that he was to prove it up. He was simply to sell whatever right he had in the land and sell his improve-

ments thereon, and he was to do that which he had a legal right to do, go to the land office and relinquish his homestead entry. The purchaser was to do what he had a right to do, provided he was a qualified entryman, file on that land when the homestead entry was relinquished. The evidence shows that the plaintiff performed on his part all that he agreed to do. He found the purchaser; the purchaser paid the price; the defendant received the price, and after receiving the price he seeks to set up the invalidity of his own contract as a defense to his paying his honest debt. Every principle of equity and justice would require that after he had received the benefit of the plaintiff's services, and applied this benefit to his own use, that he should pay the price agreed upon.

We have received no assistance in a decision of this case from the counsel for the defendant in error and as far as the record shows, he has no counsel. If he has counsel, they have neglected or at least omitted to brief the case, but having examined the entire record and finding no error therein, and believing that the decision of the court below was correct, the same is affirmed at the costs of the plaintiff in error.

Pancoast, J., who presided in the court below, not sitting; all the other Justices concurring.