BEN HOLLADAY, RESPONDENT, *v.* HENRY A. DAVIS, APPELLANT.

THE AGREEMENT OF AN AGENT FOR A CONSIDERATION MOVING TO HIMSELF IS VOID.—An agent of a railway corporation, charged with the duty of selecting the route or line of railway, cannot lawfully disregard the interest of his principal in making the selection; and if, for a consideration moving to himself, he should agree to select a particular route, the agreement would be void.

COMPLAINT—WHEN MUST SHOW FOR WHOSE BENEFIT THE ACTION IS BROUGHT.—When it appears on the face of the complaint that the plaintiff is not the real party in interest, and he sues as the trustee of an express trust, the complaint should show for whose benefit the action is brought.

APPEAL from Linn County.

This appeal is from a judgment of the Circuit Court for Linn County, overruling a demurrer to the complaint. The plaintiff sued to recover an amount alleged to be due on a contract in the form of a subscription list, in which the several subscribers, of whom the defendant was one, had respectively promised to pay the plaintiff specified amounts, in case the plaintiff should cause the line of the railroad of the Oregon and California Railroad Company to be located in a specified manner. It is alleged, in the complaint, that the plaintiff is the owner of a majority of the stock of the Oregon and California Railroad Company, a corporation duly incorporated under the laws of Oregon, which was engaged in building a railroad then completed to

a point twelve miles north of Harrisburg; that the plaintiff was one of the directors, and the president of the corporation, "and, as such president, director, and stockholder, had the power to cause said road to be located and constructed on such line or route as he, this plaintiff, might desire or determine," and that he "was duly authorized by said corporation to control said location;" that there were two routes for said road, both surveyed, one passing some miles east of Harrisburg and the other running through Harrisburg; that the former was the cheaper of the two; and that, "to induce the plaintiff to cause the said road to be constructed to some point" within Harrisburg, the defendant entered into a contract in which, "in consideration that the plaintiff would cause the line of the said Oregon and California Railroad to be constructed to some point" within Harrisburg, and in consideration of one dollar, the defendant agreed "to pay the plaintiff the sum or value of two thousand dollars, in United States gold coin, in real estate," as soon as the railroad should be so constructed; that afterwards the plaintiff caused the said railroad to be so constructed, and in all respects complied with the terms of the contract, and that, although requested, the defendant refused to comply on his part. The defendant demurred to the complaint, alleging defect of parties, want of capacity in the plaintiff to sue, and that the complaint does not state facts sufficient to constitute a cause of action.

*E. N. Taudy, R. S. Strahan, and George R. Helm,* for Appellant.

*Dolph, Bronaugh, Dolph & Simon,* for Respondent.

By the Court, UPTON, C. J.:

The sufficiency of the complaint in this cause is questioned on the general ground that all agreements made with railway corporations with a view to influence the corporation as to locating its route or line of road, or as to the places to and from which it shall be constructed, are contrary to public policy, and therefore void, and also on the

specific ground that from the relations existing between the plaintiff and the railway corporation the alleged contract is against public policy.

In support of the first position, the appellant claims that if such inducements can be held out to influence the location of roads, transactions of the kind may be so perverted as to operate most injuriously to the public, causing great lines of travel to deviate from the most direct route, and from points where roads are most needed. On the other hand it is urged that railways are usually originated by means of individual enterprise and upon the strength of private capital, and that in their construction the route or direction is and must be influenced and governed by the amount of business and patronage to be anticipated on the respective routes, the relative cost of construction and the inducements held out by those desiring railroad facilities; that upon the same principle that Government aid may be granted by the United States to corporations or to individuals to induce the construction of roads in particular directions, or to induce the establishment of lines of ocean steamers, similar inducements may be held out by States, communities or individuals, without violating any public or private right or any rule of morality; that if those who need railroad facilities could be prohibited from offering such inducements it would leave communities in many instances without the power of procuring roads; and that leaving parties to act as their interests shall prompt them in such cases, is the surest mode of promoting the public interest by causing roads to be located and constructed where they are most needed.

From the view taken by the Court of the relations existing between the plaintiff and the corporation it will not be necessary to express any opinion on the proposition first named.

It appears from the complaint that the plaintiff, who is a stockholder and an officer of the corporation, being empowered by the corporation, was acting as its agent in selecting the route of its road. While acting as such agent the plaintiff was, of course, bound to exercise his discretion and judg-

ment in the interest of the corporation, and he could not lawfully contract to do anything in that matter contrary to the interest of his principal. Inasmuch as it was his duty to be governed by the interests of the corporation in locating the road, if he obtained a promise of money from a third party as compensation for selecting the route which his duty to the corporation required him to select, the promise was without any equivalent; and if such promise was made to induce him to select a different route, the promise would be in fraud of his principal.

Any agreement of such an agent to select a particular route, if based upon a consideration moving to himself, would be held to be unlawful, as was said by Gilbert, J., in *Bliss* v. *Mattison* (52 Barb. 335): "An agreement which is designed, or which in its nature and effect tends to lead persons who are charged with the performance of a trust or duties for the benefit of others, to violate or betray them, is contrary to public policy." "It is enough if such is the tendency of it."

This doctrine is not seriously controverted by the appellant, but it is said in avoidance of this objection that the contract was made for the benefit of the corporation, that the plaintiff was the agent of the corporation, both in making the contract and in bringing this action, and that he is entitled to sue in his own name, as the trustee of an express trust. In support of this position the respondent cites *Considerant* v. *Brisbane* (22 N. Y. 389).

It was held, in that case, that the plaintiff could maintain the action for money due to the corporation, it being shown on the face of the complaint that, in making the notes sued upon, the defendant treated the plaintiff as the trustee of an express trust. The action was upon promissory notes given by the defendant in consideration of stock of the corporation, to be delivered to him on the maturity of the notes. The notes were made payable to the plaintiff "as executive agent of the company." In the opinion it is stated that the plaintiff was not personally bound to deliver the stock, and that the corporation was bound; and it appeared on the face of the complaint that, in making the contract, and in bringing

the action, the plaintiff was acting as the trustee of an express trust. The Code of that State is identical with ours, in regard to the authority of a trustee to sue in his own name, and provides that "every action must be prosecuted in the name of the real party in interest," except that "a trustee of an express trust" may sue in his own name, and that "a person with whom and in whose name a contract is made for the benefit of another, is a trustee of an express trust within the meaning of this section." The court held that the note was an express contract to pay the plaintiff for the use of the company. It does not appear by the complaint in this cause whether or not the payment was to be made for the benefit of the corporation. If it is true in fact that the contract declared upon was made for the benefit of the corporation, and that the corporation could compel the plaintiff to account to it for the money obtained, that fact is not stated in the complaint; there is not enough stated to show that the plaintiff was authorized by the corporation to make the contract, or that he made it for the benefit of the corporation.

As this is not shown, and the plaintiff is not entitled to recover to his own use under the facts stated, the demurrer should be sustained, and the judgment of the Circuit Court must be reversed.