[Filed November 24, 1891.]

## JOSEPH BUCHTEL ET AL. *v.* JOHN EVANS.

PLEADING — ILLEGAL CONTRACT — DEFENSE.— Where the illegality of the contract sued upon does not appear in the plaintiff's pleadings or proof, a defense based on that ground is new matter and must be affirmatively alleged in the answer.

PRACTICE — ISSUES — INSTRUCTION.— An instruction upon matters not put in issue by the pleadings, is erroneous and furnishes cause for reversal.

Multnomah county: E. D. SHATTUCK, Judge.

Plaintiffs appeal.   Reversed.

*Hall & Showers,* for Appellant.

It is error of the court to instruct a jury on a matter not made an issue by the pleadings. (*Hayden* v. *Long,* 8 Or. 247; *Marx* v. *Schwartz,* 14 Or. 178; *Moorhouse* v. *Donaca,* 14 Or. 434; *Woodward* v. *O. R. & N. Co.* 18 Or. 289; *White* v. *Merrill,* 82 Cal. 14; *Albertoli* v. *Branham,* 80 Cal. 631; 13 Am. St. Rep. 200.)

The defense of double employment of plaintiffs by buyer and seller was new matter, and defendants could not avail themselves of it unless pleaded in their answer. (Pom. Rem. & Rem. Rights, §§ 673, 708; Boone's Pl. § 66; *Suit* v. *Woodhall,* 116 Mass. 547; *Honegger* v. *Wettstein,* 94 N. Y. 252; *Brannan* v. *Mayor,* 62 N. Y. 365.)

It is error to permit counsel in an opening statement to the jury to state matter of defense not made up in the issues of the case and matter which he was not entitled to offer in evidence. (Hill's Code, § 196; *Long* v. *Lander,* 10 Or. 176; *Scripps* v. *Reilly,* 38 Mich. 10; *Riggs* v. *Sterling,* 60 Mich. 643; 1 Am. St. Rep. 554; *McDonald* v. *People,* 126 Ill. 150; 9 Am. St. Rep. 547.)

*W. H. Adams* and *Tilmon Ford,* for Respondent.

That such double employment on the part of an agent as is contemplated in the instruction excepted to is illegal and contrary to public policy, can not be questioned. (*Everhart* v. *Searle,* 71 Pa. St. 256; *Raisin* v. *Clark,* 41 Md. 158; 20 Am. Rep. 66; *Walker* v. *Osgood,* 98 Mass. 348; 93 Am. Dec. 168; *Murray* v. *Beard,* 102 N. Y. 505; *Pugsley* v. *Murray,* 4 E. D. Smith,

245; *Morrison* v. *Thompson,* L. R. 9 Q. B. 480; *Lynch* v. *Fallon,* 11 R. I. 311; 23 Am. Rep. 458; Story Ag. §§ 210, 211; 1 Am. and Eng. Enc. Law, 380.)

Even if appellants had undertaken what they did for Clement without a promise or expectation of compensation the effect would be the same. (*Holcomb* v. *Weaver,* 136 Mass. 265; *Bollman* v. *Loomis,* 41 Conn. 581.)

It is an elementary principle that an agent cannot take upon himself incompatible duties and characters or act in a transaction where he has an adverse interest or employment. (*Murray* v. *Beard,* 102 N. Y. 505; *Holladay* v. *Davis,* 5 Or. 40; *Bell* v. *McConnell,* 37 Ohio St. 399; 41 Am. Rep. 528.)

When a double employment appears either on the face of his complaint or upon a showing made by the plaintiffs' testimony, he must fail on the ground that there is no consideration. (*Rice* v. *Wood,* 113 Mass. 133; 18 Am. Rep. 459; *Byrd* v. *Hughes,* 84 Ill. 174; 25 Am. Rep. 442; *Woodstock I. Co.* v. *Richmond etc. Co.* 129 U. S. 643.)

The general denial or the general issue at common law is sustained by proof of the invalidity of the transaction which is designated in the complaint or declaration as a contract. (*Oscanyan* v. *Arms Co.* 103 U. S. 266; Bliss on Code Pl. (Ed. 1879) §§ 270, 327-8-9; Boone Code Pl. § 65.)

BEAN, J.—This is an action by plaintiffs as real estate brokers to recover the sum of $7,400 as commissions for the sale of a tract of land near Tacoma, Washington, belonging to defendant. The complaint in substance avers that in April, 1890, plaintiffs agreed with defendant to procure for him a purchaser for certain real estate owned by him near Tacoma containing seventy-four acres, and to receive as their compensation for so doing whatever sum such purchaser might pay for said land in excess of $1,000 per acre; that they did in pursuance of their contract procure one H. C. Clement, who purchased said land paying defendant therefor in cash $1,100 per acre, but defendant refuses to pay to plaintiffs the amount by him received in excess of $1,000 per acre.

The answer of defendant is a specific denial of the allegations of the complaint.

Evidence having been given by defendant on the trial tending to show that plaintiffs were acting as the agents of Clement in the purchase and sale of the land in question, and not of defendant, the court among other things instructed the jury in effect, that if plaintiffs were in the actual employment of both Clement and defendant, and concealed from each their employment by the other, they could not recover to the giving of which instruction plaintiffs by their counsel duly excepted, because it was not within the issues made by the pleading, and then requested the court to instruct the jury that there were no issue or averment by defendant that plaintiffs were employed by Clement, and that the question of double employment was not a matter for their consideration, which instruction the court refused to give.

The giving and refusal of these instructions are the errors relied on by plaintiffs on this appeal. Their contention is, that before defendant can avail himself of the defense of the illegality of this contract with plaintiffs by reason of their employment by Clement, it is incumbent on him to plead it. The question, therefore, now before us is, conceding that the employment of a real estate broker by both buyer and seller is illegal and void and cannot be enforced against either, must such fact of double employment be alleged as a defense, or can it be proven under the general issue?

At common law under the general issue the defendant was entitled to give in evidence any fact which went to show a valid defense. The code of this state has wrought an entire change in that regard and substituted for the general issue an answer, which must contain (1) a specific denial of the material allegations intended to be controverted; and (2) a statement of any new matter constituting a defense. (Hill's Code, § 72.) If the defendant by his answer merely deny the facts alleged, he can only offer in

evidence such facts as go to disprove the plaintiff's cause of action. Under the code a general traverse will not permit the defendant to introduce other evidence than that which tends directly to disprove the facts alleged in the complaint. (*Benedict* v. *Seymour*, 6 How. Pr. 298; Pomeroy Rem. § 673.) So that if a defendant intend to rest his defense upon any fact which does not directly tend to contradict the evidence of plaintiff or disprove his material averment of fact, and is not included in the allegations necessary to the plaintiff's cause of action, it is new matter and must be pleaded (Boone Cd. Pl. 111; Pom. Rem. § 691); "the true rule," as Mr. Bliss says, "being that under a denial that defendant should be permitted to show no fact that does not go directly to disprove the fact denied." (Bliss Cd. Pl. § 327.)

A defense, therefore, which admits the apparent validity of the contract or transaction set out in the complaint but seeks to void its effect by establishing some circumstance, transaction or conclusion of fact not inconsistent with the truth of the complaint, is new matter and must be set out. In the case at bar, the plaintiffs alleged a contract with defendant valid on its face, which the latter denied. It was the existence of this contract as a fact which the defendant denied, and which he could introduce evidence to disprove. Proof that the plaintiffs were in the employment of another, was no fact included in plaintiffs' allegations and necessary to sustain their cause of action. That was a matter new and independent of the allegations of the complaint and which could not be proved unless pleaded. It in no way tends to disprove the allegations of the complaint, but on the other hand necessarily admits the contract as alleged, but seeks to avoid liability thereon, by showing that plaintiffs were also acting as the agents of the buyer at the same time, and consequently it is illegal and void.

Plaintiffs allege that they made a contract with defendant, which he denies. It is the existence of this fact which defendant was entitled to disprove; and if the facts when developed should contain any element of illegality,—that is

the facts of their contracting with each other,—the plaintiff
must fail; but he fails either because the facts do not exist
upon which the contract is based, or that the facts contain
an element of illegality, which relieve from liability.    In
such case it is manifest that if the facts were such as a
defendant may be liable upon, and were not disproved, a
recovery could be had; but if they were such that the state-
ment of them involves an illegal element, the plaintiff has
not shown a valid contract and cannot recover.    In this case
the fact that plaintiffs were the agents of Clement was not
in any way included in plaintiffs' cause of action, and if
true in no way tended to show that plaintiffs did not make
the contract with defendant as alleged, but necessarily
admitted such contract, else there was no double employ-
ment.    So that when defendant undertook to interpose the
defense of double employment he necessarily assumed that
there was a contract relation between him and plaintiffs
apparently valid, but sought to escape liability by showing
that because of some new and independent fact the contract
with him was void.    Before he can do so it is incumbent
upon him to plead such matter so that plaintiffs may be
fully informed of his defense and prepared to meet it, if
they so desire.

"The rule is well settled in strict accordance with the
true theory of pleading under the code," says Mr. Pomeroy,
"that all defenses based upon the asserted illegality of the
contract in suit which admit the fact of a transaction
between the parties, purporting to be an agreement and
apparently binding, but which insist that by reason of
some violation of the law the same is illegal and void, are
new matter and must be set up in the answer in order to
be provable."  (Pomeroy Rem. § 708.)

In *Suit* v. *Woodhall*, 116 Mass. 547, in an action on an
account for liquors sold in violation of law, it was held that
the defendant could not avail himself of the defense that
the contract of sale was illegal, without clearly and specifi-
cally setting it up in his answer.    In an action brought to

recover a balance for goods sold and delivered, it was held that although defendants had proved that the goods had, by means of false invoices and under-valuations, been fraudulently entered in the custom-house by plaintiff, in consequence of which the goods were forfeited to the United States, the defendants could not avail themselves of such defense because not pleaded. (*Honegger* v.. *Wettstein*, 94 N.Y. 252; Boone Cd. Pl. 111; *Brennan* v. *Mayor*, 62 N. Y. 365; Greenhood Pub. Pol. 125.)

Counsel for defendant insists that whenever it appears that a plaintiff is seeking to enforce a contract which is against good morals and contrary to public policy, it is the duty of the court to stamp its disapproval upon any attempt at its enforcement the moment its terms are unfolded at the trial. The correctness of this rule is not disputed; and when it is made to appear from plaintiffs' own proofs or upon a defense interposed by defendant in due form that the contract in suit is void as against public policy and good morals, it is a defense to the action and plaintiff cannot recover; but unless the illegality of the contract be disclosed by plaintiffs' own proof or pleadings, it cannot be shown except in accordance with the rule of pleadings regarding the raising of defenses. (Greenhood Pub. Pol. 125.)

Numerous cases were cited by defendant's counsel to support the position contended for, but in all of these cases the illegality of the contract was either pleaded or appeared from plaintiffs' own showing. (*Holladay* v. *Davis*, 5 Or. 40; *Woodstock Iron Co.* v. *Richmond etc. Ext. Co.* 129 U. S. 643; *Byrd* v. *Hughes*, 84 Ill. 174; 25 Am. Rep. 442; *Rice* v. *Wood*, 113 Mass. 133; 18 Am. Rep. 459; *Oscanyan* v. *Arms Co.* 103 U. S. 261.) While the court, speaking through Mr. Justice Field, in the case of *Oscanyan* v. *Arms Co., supra*, expressed the opinion that the invalidity of a contract may be shown under the general denials, the facts show that plaintiffs' own statements of the case disclosed its illegality, which has always been held a sufficient cause to authorize the court *sua sponte* to defeat its enforcement and peremptorily dispose of the action. Besides, the court takes occa-

sion to say: "If we are mistaken in this view of the system of procedure adopted in New York, and of the defenses admissible according to it under a general denial in an action on a contract, our conclusion would not be changed in the present case."

Following this decision, and evidently governed by it, the court in *Carey* v. *Western Union Tel. Co.* 47 Hun, 610, held that under a general denial the defendant had a right to establish by evidence the invalidity of the contract. The illustration put by the court in the latter case, of an alleged contract denied by the answer, and the proof of the plaintiff showing an oral contract within the statute of frauds, is only putting a case the facts of which plaintiff could not state without disclosing its illegality, which is very different from allowing defendant to prove its illegality without pleading it. The case of *Carey* v. *Western Union Tel. Co.*, like the *Oscanyan case*, could not be stated—that is, plaintiff could not state the facts upon which his action was grounded without disclosing its illegality and manifest violation of public decency and morality. In all such cases there is an entire agreement in judicial opinion that the action cannot be maintained, and that the due administration of justice requires its judicial condemnation. But neither of these cases in point of fact illustrates the principle stated, viz., that the defendant had a right under the general denial to prove such facts as would show an invalid contract. The invalidity of the contract came from the mouth of plaintiff and not from proof by the defendant.

A careful examination of the question, leads us to the conclusion that the illegality of a contract alleged as the ground of the action, in order to be available as a defense, must either appear from plaintiff's own pleadings or proof, or be affirmatively pleaded by defendants. In the case at bar the fact of double employment does not appear from the pleadings nor do we think it is shown by plaintiffs' proof. All that can be claimed for the proof on behalf of plaintiffs as disclosed by this record is that Clement called at their

office and informed Mr. Buchtel that defendant owned a
tract of land near Tacoma which he desired to purchase,
and requested Buchtel, as he was acquainted with defendant,
to obtain if possible a contract for the purchase of the same
in their name.   Clement did not make any arrangement
with plaintiffs to act for him, or agree or offer to compensate
them for their services, or indicate what he was willing to
pay for the land, but simply in effect said if plaintiffs
could get a contract on the land he would negotiate with
them for its purchase.   Clement knew the land and its
value, while plaintiffs did not, and they claim that they
were not acting for Clement in obtaining the contract from
defendant, but only on the knowledge obtained from him,
that if a contract could be secured they had a possible pur-
chaser.   It certainly cannot be claimed from this that plain-
tiffs were attempting to serve two masters whose interests
conflicted, and out of their own mouths convicted them-
selves of double dealing, and the court ought *sua sponte* to
refuse to enforce their contract with defendant.   " No court,"
said CALDWELL, J., " ought to refuse its aid to enforce a con-
tract on doubtful or uncertain grounds.   The burden is on
the defendant to show that the enforcement would violate
the settled policy of the state or injure the morals of the
people."   (*Swan* v. *Swan*, 21 Fed. Rep. 299.)

If the burden be on the defendant to show the illegality
of the contract, before he can do so, under the system of
jurisprudence in this state, he must plead it.   The fact that
some evidence may have been given by defendant tending
to show an employment of plaintiffs by Clement did not
authorize the court to give the instruction complained of,
for it has long since been settled in this state that it is
error for the court to instruct the jury on a matter not made
an issue by the pleadings. (*Hayden* v. *Long*, 8 Or. 244;
*Moorhouse* v. *Donaca*, 14 Or. 430; *Woodward* v. *O. R. N. Co.*
18 Or. 289.)

Judgment of the court below is therefore reversed and a
new trial ordered.