Argued December 4, 1958, affirmed January 7, petition for
rehearing denied January 27, 1959

# JONES *v.* KUBALEK
### 334 P. 2d 490

*Leo Levenson*, Portland, argued the cause for appellant. With him on the brief was O. H. Bengtson, Medford.

*Hugh B. Collins*, Medford, argued the cause and filed a brief for respondent.

Before PERRY*, Chief Justice, and ROSSMAN, WARNER and O'CONNELL, Justices.

ROSSMAN, J.

This is an appeal by the defendant, a practicing dentist, from a judgment which the circuit court entered in favor of the plaintiff, a member of the Bar, after it had directed the jury to return a verdict in

---

* Chief Justice when this cause was argued.

his favor in the amount of $1,333.33. The defendant, in appealing, submits only one assignment of error. It charges that error was committed when a verdict was directed for the plaintiff.

The complaint, which was filed March 27, 1956, alleges (1) March 16, 1953, one Christine Clarke negligently drove her automobile into collision with the defendant, Dr. Kubalek, and thereby injured him; (2) "the defendant employed plaintiff as defendant's attorney at law in the recovery of defendant's damages resulting from said collision. The plaintiff agreed and undertook to so represent the defendant and the defendant agreed to pay to the plaintiff as compensation for such services one third of any amount received by the defendant as damages on account of said collision if received after the commencement of an action to recover the same." Further, the complaint alleges that later the defendant discharged the plaintiff and, after employing another attorney, commenced an action against Christine Clarke which was compromised by the payment to the defendant of $4,000 as damages. A copy of the written agreement, which the plaintiff and the defendant signed, was attached to and made a part of the complaint. The prayer demanded judgment for $1,333.33.

April 30, 1956, the answer was filed. It alleges that plaintiff "requested this defendant to undertake a course of conduct which was not in keeping with ethical standards of lawyers and by reason thereof defendant discharged plaintiff from his employment." The answer did not disclose the nature of the alleged unethical conduct. It alleges that the defendant had offered the plaintiff $300 in payment of the services which the plaintiff rendered prior to his discharge. The reply put at issue the new matter.

May 8, 1956, trial of the action commenced. At the close of the evidence submitted by the plaintiff, his counsel demurred to the new matter in the answer which charged unethical conduct on the ground that it "does not state facts sufficient to constitute a defense." The demurrer was sustained and defendant was given until the following day to file an amended answer. May 9, being the following day, the defendant filed an amended answer which differed from the original only in the detail that it set forth the particulars of the alleged unethical conduct. According to the amended answer, plaintiff's improper conduct consisted of the following: (1) notwithstanding the fact that the injury was sustained in Jackson county, Oregon, and that both the defendant and the purported tort feasor lived in Oregon, the plaintiff suggested that the damage action be filed in California; (2) that the defendant's wife should take the purported tort feasor, Mrs. Clarke, upon a pleasure trip to California where she could be served with process; (3) that defendant's wife should provide the plaintiff with an opportunity for him to interview Mrs. Clarke; and (4) that defendant's wife should ascertain from Mrs. Clarke the amount of insurance which covered her automobile. The amended answer, like the original, averred that the defendant offered the plaintiff $300 as payment for services which he had performed for the plaintiff prior to his discharge. We see from the new matter alleged that the plaintiff's employment and discharge by the defendant were admitted. The fact that the defendant offered the plaintiff $300 in satisfaction of services performed prior to the discharge indicates that the plaintiff had undertaken his duties prior to their termination by the defendant.

After the amended answer had been filed and be-

fore presentation of the evidence was resumed, defendant moved for permission to strike from his pleading the averment that $300 was tendered to the plaintiff in payment of services which were performed prior to the discharge. The motion was allowed. Then plaintiff's counsel, in a series of motions, moved to strike from the amended answer the charges of unethical conduct. Some of the motions were allowed with leave to renew the others at the close of the defendant's testimony. Thereupon the defendant presented his evidence.

Evidence presented by the defendant showed that before he discharged the plaintiff, the latter had prepared the required complaint to commence the defendant's personal injury action and had handed it to him for his approval. The complaint was prepared for filing in the circuit court of the state of Oregon for Jackson county. When the complaint was presented to the defendant he signed it and made his oath before a notary public. The date inserted in the jurat is June 15, 1953; however, the defendant thought that he may have signed the pleading "the latter part of June or early July." The signing occurred in the late afternoon and the plaintiff intended to file the complaint the following morning, but before he could do so the defendant requested that he defer the commencement of the action until the defendant telephoned again. The agreement which authorized the plaintiff to represent the defendant, and to which the defendant referred as "the retainer," bears date of June 15, 1953, the same as that of the complaint. The defendant thought that he signed the retainer "the middle of June or the latter part of June." The plaintiff swore that the two papers [complaint and agreement] were signed upon the same day and in the

course of the same conference. The agreement, dated June 15, was preceded by another which was effected when plaintiff and defendant did not anticipate that it would be necessary to resort to the courts.

The defendant claimed that the suggestions concerning filing the action in California were made by the plaintiff after "the retainer" agreement was signed but before the complaint was prepared. It will be recalled that the complaint, which the plaintiff prepared, contemplated its filing in the circuit court of this state for Jackson county, that being the county in which the accident occurred and in which the parties resided.

The defendant testified that after he had discharged the plaintiff he had several meetings with the adjuster who represented the insurance company which had issued the policy of liability insurance to Mrs. Clarke. He conceded that in the course of the negotiations the amount which he sought as damages was discussed and that he mentioned something "around eight or nine thousand dollars." Evidently the negotiations failed to yield a satisfactory result and thereupon the defendant employed another attorney. The one then employed was a patient of the defendant. That individual prepared for the defendant's signature a letter which discharged the plaintiff. The letter, dated July 11, 1953, said nothing about unethical conduct. When the plaintiff received it he called upon the defendant for an explanation but was told nothing about ethics and was not accused of having suggested anything unseemly. The defendant's version of that conference, as expressed by him in reply to a question put to him by his own attorney, was this: "he demanded to know why he had been discharged, and I said I had to give no reason."

It will be recalled that the defendant swore that after the retainer agreement was effected, but before the defendant signed the complaint, the plaintiff made his suggestions concerning institution of the case in California. The accident happened in the city of Medford, Jackson county, some miles north of the California line. According to the defendant, the plaintiff thought that a larger settlement could possibly be effected if the action were filed in California. The defendant's wife testified in similar vein and added that the plaintiff said "it would be better off for my husband's profession if the case were not tried in Medford, inasmuch as it was a small town and it would be better if we tried it outside the city of Medford." It appeared that the defendant had only recently established himself in Medford and that the claimed injury was to his back. A few years previously he had sustained a like injury in Chicago and had there brought an action for that injury. The defendant's evidence also disclosed that the plaintiff told him and his wife that it would be necessary to serve Mrs. Clarke with complaint and summons in California if the action were filed there. He asked the defendant whether his wife could induce Mrs. Clarke, who was a friend of hers, to accompany her upon a pleasure trip to California so that service could be made there. Although a part of the new matter alleges that the plaintiff requested the defendant to arrange a meeting between the plaintiff and Mrs. Clarke, the evidence revealed that such a conference actually occurred in the defendant's home. Mrs. Clarke at that time had no attorney and what, if any, information was obtained from her was not mentioned at the trial.

After the defendant had rested, plaintiff renewed his motions to strike, one by one, the averments which

charged unethical conduct, and they were sustained. He likewise objected to the introduction of any testimony on the subject of unethical conduct.

We see from the foregoing that before the defendant presented his evidence he voluntarily withdrew the new matter set forth in the amended answer, which alleged tender to the plaintiff of $300 as satisfaction for services performed by the plaintiff before his discharge. We also see that after the plaintiff had presented his evidence, the court, upon the plaintiff's motions, struck all other affirmative defenses from the amended answer; that is, all averments which alleged unethical conduct. After the rulings just mentioned were made, there remained in the defendant's pleading nothing but denials.

After the affirmative defenses had been stricken, the plaintiff moved that the court direct the jury to return its verdict in his favor. By that time evidence presented by the defendant, as well as that of the plaintiff, showed that the latter (1) had investigated the facts bearing upon the liability of Mrs. Clarke to the defendant; and (2) with the aid of physicians, had determined that defendant's collision with Mrs. Clarke's automobile had caused him an injury. The plaintiff had also, as we have seen, prepared for filing a complaint in the contemplated personal injury action which the defendant had signed. The agreement, dated June 15, 1953, entitled the plaintiff to receive 33 1/3 per cent of any amount paid to the defendant "after suit or action has been filed." After the plaintiff's discharge and the appointment by the defendant of another attorney, an action was instituted and thereupon the defendant was paid $4,000 as satisfaction of his claim.

As we have said, the defendant submits only one assignment of error. It states:

> "The Court erred in granting respondent's motion for a directed verdict."

The orders which struck from the defendant's pleading the averments of suggested unethical conduct are not challenged by any assignment of error or by any other means.

Rule 50 of this court [203 Or 734] provides that in actions at law "no alleged error of the circuit court will be considered by this court unless regularly assigned as error in the appellant's opening brief, except that * * *." *Lawrence Warehouse, Inc. v Best Lumber Co., Inc.*, 202 Or 77, 271 P2d 661, 273 P2d 993, is a good illustration of the application of that rule under facts similar to those presented by this case. See, also, *Buell v. Mathes,* 186 Or 160, 197 P2d 687, 205 P2d 551.

The agreement dated June 15, 1953, upon which this action is predicated, was a lawful one and required of neither the plaintiff nor the defendant the performance of any illegal or unethical act. When the plaintiff gave his testimony, the record contained no showing that he wished or proposed to engage in any course of unethical conduct. Efforts to elicit proof of that kind met with objections, and, as we have seen, the defendant's affirmative defenses which alleged unethical conduct met with motions to strike.

■ In *Buchtel v. Evans,* 21 Or 309, 28 P 67, Justice ROBERT BEAN expressed a rule of procedure which has gained wide acceptance. The opinion in that case written by him states:

> "* * * the illegality of a contract alleged as the ground of the action, in order to be available as a defense, must either appear from plaintiff's

own pleadings or proof, or be affirmatively pleaded by defendants."

The rule has been employed so frequently that we will not cite the succeeding applications of it.

■ Since the averments of the answer which sought to attribute to the plaintiff proposals for unethical conduct were stricken, and since evidence which sought to show unethical overtures met with objection, the defense of illegality cannot be considered. As we have said, none of the rulings which the circuit court made upon the subject is challenged by assignment of error. The defendant's discharge of the plaintiff must therefore be regarded as having been done without cause.

■ The defendant made in this court a belated attack upon the sufficiency of the complaint as the statement of a cause of action. In the circuit court no demurrer was filed, and in this court no assignment of error attacks the complaint. We have considered the latter and are satisfied that it states a cause of action.

■ There remains for consideration only whether the trial court employed the correct measure of recovery when it instructed the jury to return its verdict in the sum of $1,333.33. It will be observed that the plaintiff was ready to proceed with the filing of the complaint when he was halted by the defendant and shortly discharged. We believe that the correct measure of award was employed. *Dolph v. Speckart,* 94 Or 550, 179 P 657, 186 P 32, and *Snow v. Beard,* 82 Or 518, 162 P 258. See, also, *Berry v. Nichols,* 227 Ark 297, 298 SW2d 40; 7 CJS, Attorney and Client, p 1027, § 169a (2). It is our belief that the defendant's assignment of error discloses no infirmity in the challenged judgment.

In having set forth the record in the above manner,

we have intended no reflection upon the plaintiff. When the challenged judgment was entered, he had not had an opportunity of presenting his testimony upon the subject of the attributed unethical conduct.

We have found no error. The judgment entered by the circuit court is affirmed.