Gene A. MILLER and Garnett P. McClellan,
Appellants,

v.

KANSAS CITY POWER & LIGHT COM-
PANY, a Corporation, Respondent.

No. 22945.

Kansas City Court of Appeals.

Missouri.

Feb. 1, 1960.

Krings, Bredehoft & Whipple, Kansas City, for appellants.

Spencer, Fane, Britt & Browne, Kansas City, for respondent.

SPERRY, Commissioner.

This suit in equity was instituted by plaintiffs, two employees of defendant Utility Company. They prayed for specific performance of the seniority provisions of a collective bargaining agreement between their union and defendant, for reinstatement to their respective jobs from which they had been displaced by defendant, and for a money judgment for wages alleged to have been lost because of defendant's breach of the bargaining agreement. Defendant's motion to dismiss the petition was sustained and plaintiffs appeal.

They alleged in their amended petition that they were employees of defendant and members of Local Union No. 1464, I. B. E. W; that local No. 1464, I. B. E. W., and defendant, "for a great number of years", have operated under collective bargaining agreements which define the relationship between the parties and establish wages,

hours, seniority, and working conditions; that, at the present time, there is such an agreement between the parties which became effective July 1, 1956; that they have seniority as established under Section 2 of Article V thereof; that, in February, 1949, one W. E. Stark, a member of the bargaining unit, was promoted out of the unit to a supervisory position; that the bargaining agreement entered into June 16, 1948, then in effect between defendant and a predecessor labor union provided that, upon promotion of any employee to a position out of the bargaining unit, he should retain only such seniority in that unit as had theretofore accumulated, plus six months more and, thereafter, should accumulate no seniority which would affect members of the bargaining unit from which he had been promoted; that, in 1959, he was transferred back to the bargaining unit; that his seniority within the bargaining unit, at that time, was less than that of plaintiffs; that, nevertheless, he was permitted by defendant to "bump" and displace both of these plaintiffs, in violation of the terms of the bargaining agreement; that plaintiffs' displacement was done and permitted by defendant over the protest of plaintiffs and their union; that, as a result of defendants' wrongful acts, plaintiffs have lost wages and an opportunity to have and to hold better jobs providing for better compensation.

■ Defendant contends that the facts stated in the petition allege an unfair labor practice; that, therefore, the trial court had no jurisdiction to hear and determine the case; and that the judgment should be affirmed. It cites Weber v. Anheuser Busch, 348 U.S. 468, 75 S.Ct. 480, 488, 99 L.Ed. 546, which holds that the courts have no jurisdiction in unfair labor practice cases. We so held in McAmis v. Panhandle Eastern Pipe Line Co., Mo.App., 273 S.W.2d 789, 793. In a very recent case it was said: "When an activity is *arguably* subject to § 7 or § 8 of the Act (unfair labor practice) the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board * · * *." (Emphasis ours.) San Diego Building Trades Council v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 780, 3 L.Ed. 2d 775.

■ Defendant contends that the acts complained of fall within and are governed by the provisions of Section 158, Title 29 U.S.C.A. That Section provides, in part, as follows: "(a) It shall be an unfair labor practice for an employer— * * * (3) by discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization * * *."

Plaintiffs do not plead or allege that the discrimination complained of in their petition was done "to encourage or discourage membership in any labor organization," or that the defendant's action was inspired by any conduct of plaintiffs in anywise connected with their union membership, or by any other activity in which they may have been engaged. They assert *no* reason for defendant's action.

· This action is not governed by the above statute and does not involve an unfair labor practice. Masetta v. National Bronze & Aluminum Foundry Co., Ohio App., 107 N.E.2d 243, 247, reversed on other grounds 159 Ohio St. 306, 112 N.E.2d 15. It is one over which both state and federal courts have concurrent jurisdiction. Clark v. Hein-Werner Corp., 8 Wis.2d 264, 99 N.W. 2d 132, 135; McCarroll v. Los Angeles County Dist. Council of Carpenters, 49 Cal.2d 45, 315 P.2d 322. In the McCarroll case, supra, 315 P.2d 326, the Court said: "Conduct that constitutes a breach of a collective bargaining agreement *is not for that reason alone* an unfair labor practice. Proposals to make breach of contract an unfair labor practice were before Congress when it enacted the Taft-Hartley Law, but were specifically rejected by the conference committee on the ground that once the par-

ties had entered into an * * * agreement, enforcement should be left to the usual processes of the law and not to the National Labor Relations Board." Emphasis ours.) The United States Supreme Court denied certiorari. 355 U.S. 932, 78 S.Ct. 413, 2 L.Ed.2d 415. In Jenkins v. Wm. Schluderberg-T. J. Kurdle Co., 217 Md. 556, 144 A.2d 88, 90, the Maryland Court of Appeals said: "There no longer seems to be any doubt that in certain situations an *individual employee may sue* his employer for the breach of a collective bargaining agreement." (Emphasis ours.)

■ Defendant also urged, in its motion to dismiss, that equity will not compel specific performance of a contract for personal services. The Supreme Court so declared in Richardson v. Ozark Airlines, 270 S.W. 2d 8. There, plaintiff had been discharged from his employment as a pilot and sought to be reinstated in his former job, to have credited his lost seniority, and he asked for a money judgment for wages lost. In holding against plaintiff the Court point out (10), that the Railway Labor Act, (45 U.S.C.A. § 151 et seq.) does not confer on the Courts any jurisdiction to grant the relief sought, and that courts of equity have no power to decree specific performance of a contract for personal services. The Court also stated that a wrongfully discharged employee might seek redress through available administrative procedure.

In our search of Missouri authorities we have failed to find a Missouri case which holds that equity will order specific performance of the seniority provisions of a labor agreement, such as the one here involved, or the reinstatement of a discharged employee. Nor have plaintiffs cited one. The case of McAmis v. Panhandle Pipe Line Co., Mo.App., 273 S.W.2d 789, cited by them, is not in point. However, there are Missouri decisions involving actions at law for damages, in such situations. McCoy

v. St. Joseph Belt Ry. Co., 229 Mo.App. 506, 77 S.W.2d 175; McGee v. St. Joseph Belt Ry. Co., 233 Mo. 111, 93 S.W.2d 1111. For cases in other jurisdictions dealing with the subject, see 18 A.L.R.2d 354, and Sanford v. Boston Edison Co., 316 Mass. 631, 56 N.E.2d 1, 156 A.L.R. 652, et seq.

In 18 A.L.R.2d page 354 it is stated: "Although the National Labor Relations Act, in its original form and as amended by the Labor Management Relations Act, recognizes the right of employees to bargain collectively through unions, it should be noted that no provision of the Act confers upon an individual employee the right to enforce his rights under a collective labor agreement action."

■ Unaided by federal statute (if that would aid in this kind of case) equity will not, in Missouri, compel specific performance of the seniority provisions of a labor contract. Our rule is in harmony with the general law on the subject. The question is ably discussed and ruled by the Supreme Court of Ohio, in Masetta v. National Bronze & Aluminum Foundry Co., 159 Ohio St. 306, 112 N.E.2d 15, where a decision by the Ohio Court of Appeals, 107 N.E.2d 243 in the same case, was overruled.

Since our ruling disposes of the case it becomes unnecessary to discuss a further point presented by defendant.

The judgment should be affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court.

HUNTER and BROADDUS, JJ., and SAM C. BLAIR, Special Judge, concur.