Argued September 8, 1960, reversed with instructions
February 8, 1961

INTERNATIONAL LONGSHOREMEN'S AND
WAREHOUSEMEN'S UNION *v.* HARVEY
ALUMINUM ET AL
359 P. 2d 112

*Philip A. Levin,* Portland, argued the cause for appellant. With him on the brief were Pozzi & Wilson, Portland.

*Samuel F. Speerstra,* Salem, argued the cause for respondent. With him on the brief were Rhoten, Rhoten & Speerstra, Salem.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and KING, Justices.

McALLISTER, C. J.

This is a suit brought by plaintiff, the secretary of International Longshoremen's and Warehousemen's Union, Local No. 8, on behalf of himself and all other members of the union, for the purpose of enforcing an alleged agreement between the union and defendants requiring them to utilize the union hiring hall for the hiring of workmen engaged in unloading vessels.

Defendants demurred to the amended complaint upon the grounds that the court had no jurisdiction; that there was a defect of parties-plaintiff; and that the complaint did not state facts sufficient to constitute a cause of suit.

The trial court sustained the demurrer on the ground that the court had no jurisdiction. Plaintiff declined to plead further and a decree of dismissal was entered. Plaintiff appeals.

The following questions are presented by this appeal: (1) Does the Labor Management Relations Act, 1947, 29 USC § 141 et seq., vest exclusive jurisdiction of this suit in the federal courts? (2) Do the facts alleged entitle plaintiff to maintain a class or representative suit? and (3) Is the hiring hall agreement as alleged by plaintiff illegal?

Defendants' contention that the Labor Manage-

ment Relations Act has deprived the state courts of jurisdiction to enforce collective bargaining agreements has been settled by our decision in *Springer v. Powder Power Tool Corp.*, 220 Or 102, 348 P2d 1112, in which we held that the state and federal jurisdiction is concurrent. In addition to the cases cited in support of our holding in the *Springer* case, the following may be added: *Courtney v. Charles Dowd Box Co.*, 169 NE2d 885; *Miller v. Kansas City Power & Light Company*, 332 SW2d 18; *Swift & Co. v. United Packinghouse Workers*, 177 F Supp 511 (D Colo 1959); *Ingraham Co. v. Local 260, Inter. U of E., R. & M. Wkrs.*, 171 F Supp 103 (D Conn 1959); *Connecticut Company v. Division 425, Etc.*, 164 A2d 413; and *Clark v. Hein-Werner Corp.*, 8 Wis2d 264, 99 NW2d 132.

■ By demurring to the complaint on the ground of defect of parties-plaintiff, the defendants challenge plaintiff's right to maintain a class suit. A class suit is authorized by ORS 13.170 when "the question is one of a common or general interest of many persons, or when the parties are very numerous, and it may be impractical to bring them all before the court." Plaintiff alleges that this suit is brought "on behalf of himself and as a representative of all other members of said organization, a group so numerous as to make it impractical to bring all of them before this Court and that this suit by the plaintiff will fairly insure the adequate representation of all." It is apparent from this and other allegations of the complaint that the parties are numerous and that it would be impracticable to bring them all before the court. There is no defect of parties-plaintiff and the demurrer can not be sustained on that ground. See *Trustees of M. E. Church v. Adams*, 4 Or 76, 88; *Carpenters Union v. Backman*, 160 Or 520, 86 P2d 456;

*Quinn v. Marvin,* 168 Or 52, 120 P2d 227; *Duke v. Franklin,* 177 Or 297, 162 P2d 141; and *Mursener v. Forte et al.,* 186 Or 253, 205 P2d 568. The record discloses no conflict of interest among the class represented by plaintiff as in *Longsford et al. v. Burton et al.,* 200 Or 497, 267 P2d 208.

Defendants further contend that the contract which plaintiff seeks to enforce is illegal and for that reason the complaint does not state a cause of suit. An examination of the authorities discloses that the federal substantive law regarding hiring hall contracts is in a state of flux. The National Labor Relations Board has adopted the position that such contracts are unlawful unless they contain certain explicit safeguards against discrimination. Mountain Pacific Chapter, 119 NLRB 883; Houston Maritime Association, Inc., 121 NLRB 389; Morrison-Knudsen Company, Inc., 122 NLRB 1147; and E & B Brewing Company, Inc., 122 NLRB 354. The following cases support the view of the National Labor Relations Board: *NLRB v. Carpenters Local 176,* 276 F2d 582 (1st Cir 1960) and *Teamsters Local 357 v. NLRB,* 275 F2d 646 (DC Cir 1960). Other courts have held to the contrary. See *NLRB v. E & B Brewing Co.,* 276 F2d 594 (6th Cir 1960); *Morrison-Knudsen Co. v. NLRB,* 276 F2d 63 (9th Cir 1960); and *NLRB v. Mountain Pacific Chapter,* 270 F2d 425 (9th Cir 1959). The Supreme Court has granted certiorari in three of these cases and presumably will resolve this question.

■ However, there is nothing in plaintiff's complaint to suggest that the contract involved here is illegal, even under the rule adopted by the National Labor Relations Board and the cases cited supporting its view. If the defendants wish to challenge the legality of the contract, we think they must do so by an af-

firmative pleading and proof in support thereof. We see no reason to depart from our well-established rule that where the illegality of a contract does not appear from plaintiff's own pleadings or proof, the burden to plead and prove any illegality is on the defendant. *Buchtel et al. v. Evans,* 21 Or 309, 28 P 67; *Oregon Growers' Etc. Assn. v. Lentz,* 107 Or 561, 582, 212 P 811 and *Jones v. Kubalek,* 215 Or 320, 334 P2d 490.

Defendants rely on *San Diego Unions v. Garmon,* 359 US 236, 245, 79 SC 773, 3 LE2d 775, in which the court said:

"* * * When an activity is arguably subject to § 7 or § 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted."

Whether this case involves an unfair labor practice within the exclusive jurisdiction of the National Labor Relations Board is not raised, however, by the demurrer to the complaint. The complaint alleges a contract violation and contains nothing to indicate that an unfair labor practice is or may be involved. It is not necessary to decide now whether an overlap of the alleged contract violation and a possible unfair labor practice will deprive the Oregon courts of jurisdiction. For an informative discussion of the effect of the *Garmon* case in this field, see *Grunwald-Marx, Inc. v. L. A. Joint Board,* 52 Cal2d 568, 343 P2d 23.

The judgment is reversed with instructions to overrule defendants' demurrer to the complaint.