OSMUN, APPELLEE, *v.* KOKE, APPELLANT.

(No. 4179—Decided December 26, 1961.)

*Mr. John B. Osmun,* for appellee.
*Messrs. Harrington, Huxley & Smith,* for appellant.

BROWN, P. J. Plaintiff, Osmun, is a practicing lawyer in Cleveland, Ohio, who entered into an express agreement with the defendant, Koke, to represent the defendant on a 15 per cent contingent basis in the collection of two notes against an estate being administered in the Probate Court of Mahoning County. It is undisputed that plaintiff did not accomplish the collection of the notes. The original petition was forwarded to plaintiff by the defendant for filing in the United States District Court in Cleveland, Ohio. Upon receipt of the petition, and prior to filing it, plaintiff became aware of the fact that defendant was the holder of one of the notes individually and as a trustee and of the other note individually. The plaintiff also became aware of the fact that the Cleveland law firm of Baker, Hostetler & Patterson was in physical possession of both notes under a claimed lien for fees in an unliquidated amount. The petition was filed, and sometime thereafter Osmun filed an amended petition in which he made the Baker firm parties defendant. Upon motion of the adverse party the parties were realigned, diversity of citizenship was no longer present, and the petition was dismissed for that reason.

Osmun then demanded that Koke dispose of the claim of the Baker firm so that the jurisdiction of the federal district court in Cleveland could again be asserted. Alternatively, he demanded authority to settle the claim for $65,000, which was offered. Koke rejected both demands.

Osmun then sued Koke in the Common Pleas Court of Mahoning County, claiming breach of contract.

The trial court upon the above facts, at the conclusion of all the evidence, overruled defendant's motion for a directed verdict. The jury returned a verdict in amount of 15 per cent of a settlement offer. The trial court then overruled the defendant's motion for judgment notwithstanding the verdict.

The matter is before us on an appeal on questions of law.

The law is quite clear that an attorney employed under a contingent fee contract who is discharged without his own fault may recover. *Cole* v. *Myers*, 128 Conn., 223, 21 A. (2d), 396, annotated at 136 A. L. R., 231; *Harrison* v. *Johnson*, 64 Ohio App., 185; *Scheinesohn* v. *Lemonek*, 84 Ohio St., 424; *Roberts* v. *Montgomery*, 115 Ohio St., 503.

The measure of recovery is the compensation expressed in the contract. *Bolton* v. *Marshall, infra.*

It is also clear that the client may not prevent performance by the lawyer. If the client does so, it constitutes a breach of contract for which the attorney may maintain an action. *Bolton* v. *Marshall*, 153 Ohio St., 250. See, also, 5 American Jurisprudence, 364, Section 172.

In this dispute, we seek evidence of wrongful discharge before proceeding to inquire into other matters. In doing so, we have read the bill of exceptions, examined the exhibits, and read the briefs, and have listened to arguments of counsel. We find no evidence that the defendant discharged the plaintiff.

We also search for evidence that the defendant's interference was the reason for the plaintiff's inability to perform the contract.

Plaintiff claims that the defendant did so interfere. The evidence does not bear this out. The action filed in the federal district court at Cleveland was doomed before the contract of employment came into existence, unless the jurisdiction of that court escaped question or unless the claim of the assignee of the notes was eliminated.

Plaintiff cannot require defendant to purchase or settle the interest of the law firm to which the notes were assigned. The fact of the assignment and the interest of the third party was known to the plaintiff prior to the time he caused suit to be filed in the district court, yet he sought no modification or alteration of the employment contract.

We consider that the complete failure of plaintiff to prove discharge or interference is fatal to his cause.

The evidence regarding offers of settlement is immaterial on any of the issues. Refusal by the client to accept a settlement offer obtained and recommended by the attorney does not amount to a breach of the contract of employment. *Lewis* v. *Van Valkenburg*, 192 Ga., 272, 15 S. E. (2d), 233; *Holmes* v. *Evans*, 129 N. Y., 140, 29 N. E., 233.

The defendant's motions for a directed verdict at the close of all the evidence and for judgment notwithstanding the verdict should have been sustained. For these reasons, the judgment of the Court of Common Pleas is reversed, and final judgment for the defendant is rendered.

*Judgment reversed.*

DONAHUE and GRIFFITH, JJ., concur.